## BERGER v. SAUL & COMPANY.

Under the constitution and laws of this State, a justice's court has no juris-
diction to hear and determine an action of trover. When, however, such
a case was tried in the justice's court and an appeal entered from the
judgment rendered therein to the superior court, and a judgment in the
latter was rendered in favor of the plaintiff, a motion to arrest such judg-
ment, made at the term at which it was rendered, should have been
granted, because the jurisdiction of the superior court as to the subject-
matter on appeal was no larger than the jurisdiction of the justice's court
in which the suit was first instituted.

Argued December 11, 1899. — Decided January 26, 1900.

Bail-trover. Before Judge Lumpkin. Fulton superior
court. March term, 1899.

*S. C. Crane* and *J. K. Hines*, for plaintiff in error.
*Arthur Heyman*, contra.

LITTLE, J. Saul & Company instituted an action of trover
with bail against Berger, in a justice's court in Fulton county,
to recover certain articles of personal property. A verdict and
judgment were rendered for the defendant, and the plaintiff
appealed to the superior court. On the trial of the case in the
latter court a verdict was rendered for the plaintiff, and judg-
ment followed. At the same term the defendant moved in ar-
rest of the judgment so rendered, on the ground that, as the
justice's court had no jurisdiction over an action of bail-trover,
the superior court acquired no jurisdiction by appeal. The
judge of the superior court overruled the motion in arrest, and
ruled that a justice's court had jurisdiction in a case of bail-
trover, and second, because of the time and manner of making
the point. To this judgment the defendant in the court be-
low excepted. That a justice's court has no jurisdiction in an
action of trover has been settled by the decisions of this court
in the cases of *Dorsey* v. *Miller*, 105 *Ga.* 88, 90, and *Blocker* v.
*Boswell*, ante, 230. Having no jurisdiction, an appeal to the su-
perior court gave to the latter no larger jurisdiction than was
possessed by the justice's court, which was none at all. *Huf-
bauer* v. *Jackson*, 91 *Ga.* 301; *Greer* v. *Burnam*, 69 *Ga.* 734;
*Stansell* v. *Massey*, 92 *Ga.* 436. By section 5363 of the Civil

Code it is provided that a motion in arrest of judgment must be made during the term at which such judgment was obtained. See also *Hartridge* v. *Wesson*, 4 *Ga.* 101. So that the motion to arrest was in time; and as the justice's court had no original and the superior court no appellate jurisdiction over the subject-matter of the suit, the judgment rendered in the superior court should have been arrested.

*Judgment reversed. All the Justices concurring.*