## TRUST COMPANY OF GEORGIA *et al. v.* RAY.

1. A writ of certiorari sued out by a party against whom had been obtained a judgment in a municipal court, ordering that he abate a public nuisance alleged to have specially injured the defendant in certiorari, which proceeding to abate was brought by the latter in his own behalf, should not be dismissed on motion of the defendant in certiorari on the ground that the municipality was not made a party respondent to the writ.
2. The evidence being conflicting as to whether the alleged nuisance was such or not, the judgment of the court below in granting the certiorari and remanding the case for a new trial will not be disturbed.

Submitted March 3,—Decided May 16, 1906.

Certiorari. Before Judge Lumpkin. Fulton superior court. January 26, 1905.

*Anderson & Anderson,* for plaintiffs.

*John L. Hopkins & Sons,* for defendant.

BECK, J. The plaintiffs in error, as complainants below, jointly applied to the recorder of the mayor's court of the City of Atlanta to abate as a nuisance a certain smokestack, or chimney. The application was made under the Civil Code, §4762, and proceeded upon the theory that there was a public nuisance specially affecting the applicants, or a private nuisance in so far as they were concerned. The recorder, after hearing the voluminous evidence introduced upon the trial, granted an order abating the nuisance, and the defendant carried the case by certiorari to the superior court, where the certiorari was sustained, and the case remanded to the recorder for another trial. Before the passing of the order sustaining the certiorari, the complainants moved the court to dismiss the writ upon the ground that "the City of Atlanta was a necessary party defendant to the same; that it had not been made a party defendant by the plaintiff in certiorari and had not been served with notice of sanction by the judge of the superior court of the petition for certiorari, and the time and place when and where said certiorari would be heard." And the refusal of the court to sustain this motion, as well as the order remanding the case for another trial, is attacked as error.

1. We can discover no foundation for the contention of the plaintiffs in error that the City of Atlanta should have been made a party to the certiorari proceedings taken to review and reverse the judgment in favor of the petitioners in the mayor's court. The proceeding in that court was against the alleged nuisance "in its private character." Whether the facts which constituted the nuisance made it one merely private, or one of a public character, the plaintiffs in error, when they instituted the proceedings against it in the municipal court, proceeded, as they had the right to do, in their own names directly against the party maintaining the smokestack or chimney. If the nuisance was a public one merely, and no private individual suffered special damage therefrom, then the proceedings to abate the same should have been in the name of the city, acting either upon the motion of the corporate body itself, or in the name of the city upon the application of some citizen. But the complainants, relying upon their right to abate the alleged nuisance as one inflicting special damage upon them, filed their petition in their own names against the defendant in error, in the municipal court—the jurisdiction of which to try the issues involved is not in

dispute,—to have it judicially determined and settled. The judgment of that court, once rendered and not appealed from, would be binding upon the parties to the action. The nature of this action and the right of private individuals to institute proceedings of this kind before the proper tribunal is fully discussed, with a review of a number of authorities, in the case of *S., F. & W. Ry. Co.* v. *Gill,* 118 *Ga.* 737. The proceeding that we have under consideration in the case at bar is analogous to the case just referred to, and the able discussion of the attitude of the parties there to the issues, to the public and to each other, is applicable, so far as regards those features of the case, to the matter now in hand, as will appear from the following extract from the opinion delivered in that case: "We think it is apparent from the provisions of the Civil Code upon the subject that a private citizen may proceed, in his own name and behalf, to have a public nuisance abated, if he is specially injured thereby, that is, if he is injured or damaged by such nuisance in a way different from that in which the citizens in general are injured or damaged. Section 3858 declares: 'Generally, a public nuisance gives no right of action to any individual, but must be abated by a process instituted in the name of the State. A private nuisance gives a right of action to the person injured.' The next section declares: 'If, however, a public nuisance causes special damage to an individual, in which the public do not participate, such special damage gives a right of action.' Unquestionably, then, if a public nuisance causes special damage to a private citizen, he has a right of action therefor. It is contended, however, that the 'right of action' here referred to is a right to bring an action to recover damages, and not the right to bring an action to abate the nuisance. But the rule is well established that whenever the special injury or damage which a person suffers from a public nuisance is such as to support an action at law for damages, he may abate the nuisance on his own motion. 2 Wood on Nuisances, §733, p. 942, and cit. If from the wording of section 3559 there is any doubt as to the right of a private citizen to proceed, in his own name, to abate a public nuisance which causes special damage to him, in which the public do not participate, such doubt is effectually removed when we consider the provisions of the Civil Code, §§4761, 4766. The first of these sections declares: 'Private citizens can not generally interfere to have a public nuisance enjoined, but the petition must

proceed for the public on information filed by the solicitor-general of the circuit.' It will be seen that this section has both an expressed and an implied meaning, the expressed meaning being, that, as a general rule, private citizens can not interfere to have a public nuisance enjoined, and the implied meaning being that this general rule is subject to exception. If a private citizen can under no circumstances proceed to have a public nuisance abated, then the word 'generally' in this section is both meaningless and superfluous. Its presence in the section shows that the rule which the section announces is simply a general rule to which there is exception. This is clearly evident from section 4766, which provides: 'A public nuisance may be abated on the application of any citizen specially injured, and a private nuisance on the application of the party injured.' The contention that if a private citizen has the right to institute a proceeding to abate a public nuisance which causes him special injury or damage, he must proceed in the name of the public, through the solicitor-general of the circuit, is clearly without merit. If he proceeds in that way, the application to have the nuisance abated is the application of the public, and he is moving in behalf of the public and not in his own interest; whereas his right, as a mere private citizen, to move at all is because he is specially injured, and is based not upon any right which the public has in the matter, but upon his own exclusive right arising out of his own exclusive injury. It would be anomalous if a person whose right to proceed at all is based upon an injury in which the public do not share was compelled to proceed in the name of the public to redress such injury. The nuisance complained of was of a mixed character. It was both public and private; public in so far as it prevented the people generally from passing over the public road at the place where the defendant had built the fence across it, and private in so far as it interfered with the complainant's business and affected the value of his property by interfering with the free and convenient access of customers to his store. So, as in all cases of a similar character, the proceeding was really against the nuisance in its private character." See also *Coker* v. *A., K. & N. Ry. Co.*, 123 *Ga.* 483. The petition in the present case did not name the City of Atlanta either as a party plaintiff or as a party defendant, and of course it was, therefore, neither legally a party plaintiff nor a defendant. It did not assert in its corporate capacity and by its

authorized agents that the defendant was maintaining a nuisance, and it was not bound by the adjudication of the issues involved in the case tried before the recorder. Nor will it be concluded as to any of its rights should it see proper in the future to act in its corporate capacity to abate the smoke-stack or chimney as a nuisance. The city was not a necessary party to the proceedings in the municipal court, as the plaintiffs in error themselves doubtless thought, nor do we see how they became necessary parties to the appeal procedure; and his honor, the judge of the superior court, rightly held that the motion to dismiss the certiorari was without merit.

2. The evidence upon the main issue in the case, that is, as to whether or not the smokestack in controversy constituted a nuisance from which the parties complainant suffered special damage, was conflicting; and the judgment of the court below in sustaining the certiorari and remanding the case for another hearing will not be interfered with.

*Judgment affirmed. All the Justices concur, except Lumpkin, J., disqualified.*