McMILLAN *v.* SAVANNAH GUANO COMPANY.

FISH, C. J. 1. There was no abuse of discretion in granting an injunction and appointing a receiver in this case.

2. Where, on the hearing of an application for an interlocutory injunction and the appointment of a receiver, the presiding judge grants the application, it is inaccurate to state that the defendant should be "permanently enjoined." The use of such an expression is calculated to con-

fuse the interlocutory injunction granted at such a hearing with a perpetual injunction which is granted after final trial.

(a) Where the judge, in granting an injunction ad interim, used the expression "permanently enjoined," this will not require a reversal of his decision that the defendant should be enjoined; but direction will be given that the order be so modified as to relieve it of the inaccuracy of expression. *Strickland* v. *Griffin*, 70 *Ga.* 541, 551.

3. The rulings of the presiding judge in regard to the admission of evidence, if subject to criticism in any respect, were not such as to require a reversal of the interlocutory decree granting an injunction and appointing a receiver.

(a) The letters of the defendant, attached to the affidavit of an officer of the plaintiff, were sufficiently proved to authorize their admission in evidence.

(b) A duly certified transcript from the tax digest of a county is admissible in evidence on a question of insolvency, without producing the original tax returns made by the taxpayer or a certified copy thereof or the tax digest itself.

(c) The custodian of the tax digest should make a transcript of the return of the taxpayer appearing therein, and certify to it as a correct transcript. It is irregular for him to merely state in an affidavit or a certificate, in general terms, what the tax digest "discloses" on the subject.

(d) The affidavit and certificate of the custodian of the tax digest in the present case substantially setting out the tax return of the defendant as it appeared on the digest, although it is stated that the digest "discloses" that the defendant returned for the year 1909 "the following property" (naming it), instead of copying what there appeared and certifying it to be a correct transcript, and this being a hearing before the presiding judge on an interlocutory application for injunction and receiver and not a trial before a jury, the admission of such evidence will not require a reversal.

(e) A deed is the best evidence of its own contents, and should generally be accounted for before a certified copy of it from the record should be admitted; but under the facts of this case, the admission, on the hearing of an application for injunction and receiver, of a certified copy from the record of a deed made by the defendant, offered for the purpose of showing that he had made a conveyance of certain land to secure a loan, and thus to introduce evidence tending to show insolvency, cumulative of that already introduced, will not necessitate a reversal. *Davis* v. *Covington and Macon R. Co.*, 77 *Ga.* 322 (5), (2 S. E. 555).

4. Although the presiding judge by order directed the parties to exchange their evidence at least three days before the hearing, the admission of additional affidavits on behalf of the plaintiff, in rebuttal of the evidence introduced by the defendant, even if they involved some repetition of evidence introduced by the plaintiff in chief, will not require a reversal of the grant of an injunction and the appointment of a receiver.

5. The plaintiff in error having set out in the bill of exceptions the petition of the plaintiff, with a copy of a contract attached thereto, and the defendant in error having thereafter presented to the court an application reciting that the contract was introduced in evidence but omitted from

the bill of exceptions as part of the evidence, and having obtained a certificate and order in accordance with the act of 1905 (Acts 1905, p. 84), causing it to be sent up to this court, a motion to dismiss such certificate and additional evidence as being unauthorized by law, or as being a cross-bill of exceptions sued out too late, or because the contract was already copied in the bill of exceptions as an exhibit to the petition of the plaintiff, was without merit.

*Judgment affirmed, with direction. All the Justices concur.*

Argued November 5, 1909.—Decided January 19, 1910.

Injunction and receiver. Before Judge Mitchell. Berrien superior court. September 10, 1909.

*Hendricks & Christian,* for plaintiff in error.

*Cann, Barrow & McIntire, J. B. Murrow,* and *J. J. Murray,* contra.