## HARDY *et al. v.* THOMAS.

ALMAND, Justice. The exceptions here are to an order overruling general and special demurrers to a petition and granting an interlocutory injunction. The case as made by the pleadings is as follows: The plaintiff is the owner of a tract of land containing 456 acres, and the defendants own a tract adjoining the plaintiff's property. There is a public road which has been kept in a state of repair by Columbia County for more than 20 years and used by the general public, which road runs through the properties of the plaintiff and the defendants, said road being 4½ miles in length and connecting the Fury's Ferry road with the Washington road. The defendants have obstructed said road by erecting two fences across the same, to the injury and damage of the plaintiff and the general public, and the obstruction is a continuing nuisance. The plaintiff has been damaged in the sum of $3000, and will be damaged each day said nuisance is allowed to continue. The plaintiff has no adequate remedy at law and, unless the defendants are restrained from continuing to obstruct said road, the plaintiff will suffer irreparable loss. The prayers were for an order restraining the defendants from continuing to obstruct the road, and to abate the nuisance. A temporary restraining order was granted, and on the hearing of the prayer for an interlocutory injunction the defendants demurred generally to the petition on the grounds that: (a) it showed no cause for the grant of either legal or equitable relief; (b) it failed to show that the road is either a public or a private road; and (c) the plaintiff had an adequate remedy at law. The special demurrers challenged the legal sufficiency of certain paragraphs of the petition. The court entered an order overruling all the demurrers, and granted an injunction, the order reading as follows: "After the hearing on the above-mentioned demurrers, the court went into the hearing of the case on the evidence by agreement of counsel for both parties and, after hearing the evidence and argument of counsel, the court finds that the road in question is a public road which has been obstructed by the defendants, and that said obstruction is a continuing nuisance and a trespass to the plaintiff. I further find that said obstructions are a nuisance to the general public. And having so found from the evidence, it is hereby considered, ordered and adjudged by the court that the plaintiff is entitled to injunctive relief, and said temporary restraining order is hereby made permanent and the defendants are hereby restrained and enjoined from obstructing said road further and are hereby ordered to *remove said obstructions and abate said nuisance instanter.*" (Italics ours.) Error is assigned on the part of the order granting injunctive relief as well as on the part of the order overruling the demurrers. Neither the bill of exceptions nor the transcript of the record contains any of the evidence introduced on the hearing. *Held*:

1. A permanent obstruction of a public road which materially interferes with travel therein is a nuisance per se. *Rider* v. *Porter,* 147 *Ga.* 760 (2) (95 S. E. 284).

2. A court of equity will in a proper case enjoin a public nuisance. *Mayor &c. of Columbus* v. *Jaques,* 30 *Ga.* 506 (3).

3. Though a private citizen may not generally interfere to have a public nuisance enjoined, any citizen specially injured may proceed in his own name to have a public nuisance abated. Code, § 72-202; *Savannah, Florida &c. Ry. Co.* v. *Gill,* 118 *Ga.* 737 (3) (45 S. E. 623); *Coker* v. *Atlanta, Knoxville &c. Ry. Co.,* 123 *Ga.* 483 (3) (51 S. E. 481); *Trust Co. of Ga.* v. *Ray,* 125 *Ga.* 485 (1) (54 S. E. 145); *Sammons* v. *Sturgis,* 145 *Ga.* 663 (2) (89 S. E. 774); *Rider* v. *Porter,* 147 *Ga.* 760, supra. So, equity will enjoin the unauthorized occupancy of a street at the instance of a private citizen, where he suffers special damage and the injury cannot be adequately compensated in damages, and the nuisance is a recurring grievance. *Kavanagh* v. *Mobile & Girard R. Co.,* 78 *Ga.* 271 (1) (2 S. E. 636).

4. A landowner, whose property is traversed by a public road which is used as a means of ingress and egress to his lot, may maintain a suit in equity to enjoin an adjoining owner of land who has erected a fence or barrier across the road, which prevents the former from using the road in and to his farm, from maintaining such obstruction, where it appears that such obstruction is a continuing nuisance and such landowner has suffered and is suffering special damage not suffered by the general public. *Coker* v. *Atlanta &c. Ry. Co.,* 123 *Ga.* 483 (supra); *Barham* v. *Grant,* 185 *Ga.* 601 (196 S. E. 43).

5. Where the injunctive relief prayed for is mandatory in nature or character, a court of equity is without power to grant such relief. Code, § 55-110. But where the relief prayed for is only to restrain, an injunction may be granted, although in yielding to the order the defendant may be compelled to perform some act. *Noland* v. *Biggers,* 171 *Ga.* 627 (156 S. E. 266). In this case, the prayer for injunction does not seek any relief mandatory in character.

6. As against the general demurrers, the amended petition stated a cause of action. The alleged errors in overruling the special demurrers, not being argued, are treated as abandoned. *Board of Educ. of Houston County* v. *Bd. of Trustees of Fort Valley Consol. School Dist.,* 170 *Ga.* 509 (5) (153 S. E. 214).

7. A permanent injunction cannot be granted on the hearing of an application for an interlocutory injunction. *Purcell* v. *Pilgrim,* 152 *Ga.* 61 (108 S. E. 515). Nor has the court power, by injunctive order, to compel a party to perform an act. Code, § 55-110. In the instant case, the court did not err in continuing in force the temporary restraining order; but erred in making the injunction permanent and in ordering the defendants "to remove said obstructions and abate said nuisance instanter." *Georgia Power Co.* v. *City of Rome,* 172 *Ga.* 14 (157 S. E. 283). Direction is given that, on return of the remittitur in this case, the trial court amend its order by striking therefrom the grant of a permanent injunction, and the part of the order above quoted. See *Florida Central R. Co.* v. *Cherokee Sawmill Co.,* 137 *Ga.* 815 (74 S. E. 523).

8. It is apparent from the trial judge's order that he granted an injunction, not solely upon a question of law, but upon issues of law and fact, the finding of fact being based upon evidence introduced on the hearing. Since none of the evidence appears in either the bill of exceptions or transcript of the record, we cannot say that he abused his discretion in

granting an injunction. Code, §§ 55-108, 55-201; *Sims* v. *Sims,* 110 *Ga.* 283 (34 S. E. 847); *Mobley* v. *Brundage,* 170 *Ga.* 829 (154 S. E. 452).

9. The plaintiffs in error having obtained in this court a substantial modification of the judgment of the trial court, the cost of bringing the case to this court, and the costs here, are taxed against the defendant in error. *Finleyson* v. *International Harvester Co.,* 138 *Ga.* 247 (3a) (75 S. E. 103); *Anderson* v. *Beasley,* 169 *Ga.* 720 (151 S. E. 360).

*Judgment affirmed with direction. All the Justices concur.*

No. 17709. Argued January 15, 1952—Decided February 11, 1952—Rehearing denied March 13, 1952.

*Pierce Bros.,* for plaintiffs in error.

*John F. Hardin* and *Henry G. Howard,* contra.