20920. LACKEY v. LACKEY.

SUBMITTED JUNE 13, 1960—DECIDED JULY 7, 1960.

*John L. Jernigan, Reuben M. Tuck,* for plaintiff in error.

*C. R. Vaughn, Jr., Pat Campbell, Campbell & Vaughn, Byrd & Quillian,* contra.

ALMAND, Justice. Lester Lackey filed suit in the Court of Ordinary of Newton County against Louise Lackey, administratrix of the estate of Flem Lackey. He alleged that he was born in 1925. His mother was Daisy Johnson, and his putative father was Flem Lackey. When he was a baby, his mother surrendered her possession and control of him to Lackey under an oral agreement that Lackey would adopt him as his child. He was raised by Lackey as his child, but Lackey died without formally adopting him. He prayed that the court adjudge him to be an heir at law of Flem Lackey, and that he be entitled to a one-half interest in his estate.

Without objecting to the jurisdiction of the court, the defendant filed her answer. After a hearing the court of ordinary entered a judgment declaring the plaintiff to be an heir of Flem Lackey and entitled to a one-half interest in his estate. This judgment was appealed to the superior court, where no objection was made to the jurisdiction of the court of ordinary. At the conclusion of the evidence, the court directed a verdict in favor of the plaintiff and entered a decree adjudging the plaintiff to be an heir at law and entitled to a one-half interest in the estate. The defendant by her bill of exceptions assigns error on the order denying her motion for a new trial.

■ When this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject matter and the case is brought here for review, this court on its own motion will reverse the judgment. *Smith v. Ferrario*, 105 Ga. 51, 53, 54 (31 S. E. 38). This is true whether the question of jurisdiction be raised or not raised in the trial court or in the bill of exceptions. *Kirkman v. Gillespie*, 112 Ga. 507 (37 S. E. 714).

■ In a case appealed from a court of ordinary, the superior court has no greater power than the court from which the appeal was taken, and can render no final judgment except such as the court of ordinary had jurisdiction to render. *McDowell v. McDowell*, 194 Ga. 88 (20 S. E. 2d 602). Where the court of ordinary has no jurisdiction of the subject matter, an appeal to the superior court gives the latter no greater jurisdiction than was possessed by the court of ordinary. See *Berger v. Saul & Co.*,

109 Ga. 240 (34 S. E. 1036); *Cone v. Johnston,* 202 Ga. 420 (43 S. E. 2d 545); *Goodman v. Little,* 213 Ga. 178 (97 S. E. 2d 567); *Hufbauer v. Jackson,* 91 Ga. 298 (18 S. E. 159).

■ A contract to adopt a child, though fully performed by the parties, is not self-operating. Heirship does not grow out of it. The right to take an estate as an heir at law exists only by operation of law. The right of such child grows wholly out of the contract, and the remedy is to specifically enforce the contract by a suit in equity to the extent of decreeing to the child such interest in the estate, undisposed of by will, as he would have taken as a child of the adopting parent born in lawful wedlock. *Pair v. Pair,* 147 Ga. 754 (95 S. E. 295); *Crawford v. Wilson,* 139 Ga. 654 (78 S. E. 30, 44 L. R. A. (NS) 773); *Copeland v. Monfort,* 153 Ga. 558 (113 S. E. 514).

This case not involving any question arising "under the laws of descent and distribution of this State as to who is entitled to take as heirs at law, or as to the quantity of interest heirs at law are entitled to take," the act of 1958 (Ga. L. 1958, p. 361; Code, Ann., § 113-2801) is not applicable.

The failure *lege agere* (to proceed according to law) by the trial court reminds us of a line from Horace: *Quandoque bonus dormitat Homerus* (Even the worthy Homer sometimes nods). The court of ordinary was wholly without jurisdiction to entertain the action to enforce the alleged contract of the decedent to adopt the plaintiff and declare him to be an heir of the decedent. Its judgment was void and not appealable. *Southern Ry. Co. v. Born Steel Range Co.,* 122 Ga. 658 (4) (50 S. E. 488). The trial court on its own motion should have dismissed the appeal, for it had no jurisdiction to entertain the same. The final judgment actually rendered not being one of dismissal, it was necessarily erroneous, and must be reversed. *Kirkman v. Gillespie,* 112 Ga. 507, supra.

*Judgment reversed. All the Justices concur, except Quillian, J., disqualified.*