22823. CASTLEBERRY v. HORNE et al.

SUBMITTED FEBRUARY 8, 1965—DECIDED MARCH 3, 1965.

*William A. Ingram, H. B. Williams,* for plaintiff in error.
*R. L. LeSueur,* contra.

MOBLEY, Justice. ■ The controlling question is whether the provision of the will empowering the court of ordinary, upon petition filed by the widow, to order the sale of the property upon proof of dire need on the part of the widow, vested or attempted to vest jurisdiction in the court of ordinary to determine the question, or whether the power vested in the individual who happened to be the ordinary at the time the widow filed her petition for authority to sell.

The language of Item 5 of the will quoted above clearly shows that the testator intended to confer upon the Court of Ordinary of Sumter County authority over and jurisdiction of the matter of sale of the property, such pertinent language being ". . . I hereby authorize . . . that she may apply to *the court of ordinary of Sumter County, Georgia,* . . . setting forth all facts and circumstances necessary to show dire need, . . . support same with legal proof and evidence, and that upon proper proof and showing to the satisfaction of *said court of ordinary said court may authorize* if proof adequate and sufficient, the public sale of said property, after due and legal advertisement as provided by law for all sales under jurisdiction of *said court.* . . That after said sale, a return shall be made to *said court* . . . and if said sale is approved by said court then she may use said funds as directed and authorized by said court for her own personal use and benefit solely as my widow." (Emphasis ours).

We are of the opinion, and so hold that the provision of Item 5 as to the sale does not authorize the person, as an individual, who happened to be the Ordinary of Sumter County, Georgia, at the time the widow petitioned for authority to sell the property, to determine the issue, but that the testator by this item purported to confer jurisdiction upon the court of ordinary to hear and determine the issue.

■ The next question is whether the Constitution or laws of this State vest in the court of ordinary jurisdiction of the subject matter, to wit: to entertain a petition from the widow of the testator for a determination of the need of the widow of funds for her support and maintenance, all as provided in Item 5 of the husband's will. The ordinary, under our laws, is an official charged with performance of judicial, ministerial and clerical

duties. On admitting a will to probate, he acts as a judicial office, the subject matter being one over which he has jurisdiction. *Code* § 24-1901. On issuing a marriage license he acts in a ministerial capacity; and he is also ex-officio his own clerk and as such performs clerical duties. *Code* § 24-1801. See *Comer v. Ross*, 100 Ga. 652 (28 SE 387). The Constitution provides that "the powers of a court of ordinary and of probate shall be vested in an Ordinary for each county . . ." *Code* § 2-4101. The ordinary in considering the petition and issuing an order of sale purported to act in a judicial capacity.

*Code* § 24-1901 provides that courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of certain subject matters. Included therein is Section 4 which provides "The sale and disposition of the property belonging to, and the distribution of, deceased persons' estates," and in Section 11 "All such matters as may be conferred on them by the Constitution and laws."

We find no authority under the Constitution or laws of this State, and counsel have cited none, giving to the court of ordinary jurisdiction of the subject matter of this litigation. To entertain a petition from the widow seeking a judgment of the court that she was in dire need and an order of sale of the property left to her for life by her husband's will does not fall within the provisions giving the court of ordinary jurisdiction of the sale and disposition of property belonging to deceased persons' estates. The judicial determination called for in this case is dire need of the widow to sell the property in which she owned a life estate, and, the statute does not confer jurisdiction upon the court of ordinary to adjudicate that issue.

■ The court of ordinary was wholly without jurisdiction to entertain the petition in this case. Its judgment was void and not appealable. *Southern Railway Co. v. Born Steel Range Co.*, 122 Ga. 658 (4) (50 SE 488). The trial court should have sustained the motion and dismissed the appeal. *Lackey v. Lackey*, 216 Ga. 177, 179 (3) (115 SE2d 565).

*Judgment reversed. All the Justices concur.*