26312, 26313, 26316, 26326. WALTER et al. v.
SLATON et al. (four cases).
26332. SANTAY v. SLATON et al.

ARGUED FEBRUARY 9, 1971—DECIDED MAY 13, 1971—
REHEARING DENIED JUNE 2, 1971.

*Glenn Zell, Stanley H. Nylen, Arthur Schwartz,* for appellants.

*Lewis R. Slaton, District Attorney, Hinson McAuliffe, Solicitor, Tony H. Hight, Tom Moran, Frank A. Bowers,* for appellee.

HAWES, Justice. The ultimate question in each of these cases is the validity of an order passed in each case by a Judge of the Superior Court of Fulton County finding that a described 16 millimeter film, which had theretofore been exhibited and was being exhibited at the time by the defendants to the public, was hard core pornography and restraining further showing of such film by the defendants. Each case was commenced as a civil action by the District Attorney of the Superior Court of Fulton County jointly with the Solicitor of the Criminal Court of Fulton County. In each case the plaintiffs alleged that the defendants named therein were conducting a business of exhibiting motion picture films to members of the public; that they were in control and possession of the described motion picture film which they were exhibiting to the public on a fee basis; that said film "consti-

tutes a flagrant violation of Ga. Code § 26-2101 in that the sole and dominant theme of the motion picture film . . . considered as a whole, and applying contemporary standards, appeals to the prurient interest in sex and nudity, and that said motion picture film is utterly and absolutely without any redeeming social value whatsoever and transgresses beyond the customary limits of candor in describing and discussing sexual matters." Then follows a brief description of the contents of the film in each case, and finally the complaint in each case alleges that under the law applied to such matters an adversary hearing to determine the question of obscenity must first be had prior to seizure of the film and the destruction thereof. The prayers were for service on the defendants, the issuance of a rule nisi requiring the defendants to show cause on a day certain why the films described in each case should not be declared obscene and subject to seizure; that the defendants be directed to have and to produce on the hearing of said matter the motion picture film involved; that the film be declared obscene and subject to seizure; that the defendants and each of them be temporarily and permanently enjoined from exhibiting the picture and that each of them be temporarily restrained and enjoined from destroying, altering, concealing or removing it from the jurisdiction of the court, and that the plaintiffs have such other and further relief as may to the court seem meet and proper. None of the complaints were verified, but were merely signed by an assistant solicitor of the Criminal Court of Fulton County and an assistant district attorney of the Atlanta Judicial Circuit as attorneys for the plaintiffs.

Upon each complaint, a Judge of the Superior Court of Fulton County signed an ex parte order requiring the defendants to show cause before him at a time therein fixed ranging from one to three days thereafter why the prayers of plaintiff's complaint should not be granted and the motion picture referred to therein be declared obscene. He further ordered that the defendants have and produce before the court on the appointed date one print of the motion picture film referred to in the complaint, together with proper equipment for exhibiting and viewing the same, or, in the alternative, to provide a suitable location for that purpose wherein the film could be viewed by the court, and in each case he tempo-

rarily restrained and enjoined the defendants from concealing, destroying, altering or from removing the motion picture involved from the jurisdiction of the court. On the day on which the order was signed by the trial judge, a copy of the complaint, together with a copy of the order and a summons, was served on the defendants named in each complaint. In each case the hearing to determine whether the film in question was obscene was held on the day set by the order. In each case the trial court, after viewing the film in question, either at the theatre operated by the defendants or in the courtroom and after hearing argument of counsel found that there is probable cause to believe that the film in question· is obscene and hard core pornography as a matter of fact and as a matter of law, and he ordered the seizure of one copy of the film from the possession of the defendants and the retention of the same in the custody of the Solicitor of the Criminal Court of Fulton County until further order of the court. He further restrained and enjoined the defendants from distributing and exhibiting or showing the film in any theatre or any other place where the public is permitted within the jurisdiction of the court.

■ In each of the cases, Nos. 26312, 26313, 26316 and 26326, appellants contend that the court "erred in proceeding with the complaint in the absence of statutory standards, provision for jury trial and other constitutional safeguards, as the procedure violated appellants' Fourteenth Amendment right of due process under the United States Constitution." In case No. 26332 appellant contends that the procedure in the trial court denied him those rights guaranteed under the First and Fourteenth Amendments of the Constitution of the United States in that the hearing was not adversary in nature and in that the ex parte restraining order operated as a prior restraint. These are substantially the same contentions as were made by the appellants in *Evans Theatre Corp. v. Slaton,* 227 Ga. 377, supra. In Division 4 of the opinion in that case this court held such contentions to be without merit. However, we did recognize that the hearing there was interlocutory in nature and we directed that the judgment of the trial court be modified so as to show that it was not a permanent injunction but was only to continue in force until the final hearing of the case by a jury. We

give the same direction in this case. While it is true that the judgments appealed from order the seizure of the films in question and the delivery of the possession of the same to the Solicitor of the Criminal Court of Fulton County "until further order of this court" and while the trial judge described the injunction and restraint as a "preliminary" one, nevertheless, the injunction feature of the order is without limit as to time and it therefore should be amended so as to provide that it shall continue only "until further order of the court."

It must be kept in mind that the procedure followed here was nothing more or less than a hearing to determine whether a temporary injunction would be issued restraining the showing of the film. Such a hearing does not finally determine rights. The defendants were served with notice of the hearing; it appears that they were present both in person and represented by counsel; and they were afforded an opportunity to argue the issues. The hearings were thus adversary proceedings as we understand the term. See 2A Words and Phrases, p. 155. Being, however, mere temporary injunction hearings, they need not be surrounded with the formalities of procedure that must attend hearings finally determining rights. As was held in the *Evans Theatre* case, the question of whether the trial judge will grant a continuance on such a hearing is within his sound legal discretion, and in the absence of a clear showing that he abused his discretion in this regard it will not be controlled. In view of the transitory and intangible nature of the object of the restraint in these cases, and in view of the fact that if restraints had not been immediately imposed the questions would likely have become moot and there would have been no way to have the issues adjudicated, we think that under the ruling in the *Evans Theatre* case the trial court did not abuse its discretion in denying a continuance in each of the cases here before us. No contention is specifically raised by any of the grounds of enumerated error that the denial of a continuance constituted a denial of constitutional guarantees of due process or that it in any other way impinged upon the constitutional rights of the defendants, and we, therefore, do not pass upon this question.

The ex parte orders did not operate as prior restraints. They did not restrain or enjoin the defendants from continuing to show the

films in question but merely restrained the defendants from removing the films from the jurisdiction of the court. The provision of such orders requiring the defendants to have and produce the films in court, or, in the .alternative, to provide a place for the court to view the films, properly construed, was merely an exercise by the court of its subpoena power and was a necessary provision in order for the court to perform its functions. Such order was not injunctive in nature and cannot be construed as a mandatory injunction.

■ The contentions with respect to the issuance of the ex parte restraining orders in the absence of sworn complaints or in the absence of complaints supported by affidavits showing that irreparable harm was likely to result if such ex parte restraining orders were not issued need not now be considered, since the ex parte restraining orders have been supplanted by temporary injunctions issued after a hearing. Nothing done in connection with such ex parte restraining orders in any way bears on the validity of the orders appealed from. The questions thus sought to be raised are moot.

■ The orders appealed from in each case describe the conduct depicted in the film there involved. No useful purpose would be served by quoting such descriptions. Suffice it to say that in each case the films are shown by the language of the orders appealed from to depict continually throughout their length actual sexual activity, both natural and unnatural, of the most salacious character. Some of the films have sound tracks, while others do not; some have titles appended and some have no title but merely begin within the first foot of the film depicting various kinds of sexual activity which continues without interruption to the end of the reel. Counsel for the appellants, in cases No. 26312, 26313, 26316 and 26326, has stipulated in this court that "the allegations contained in the complaints filed in the Fulton Superior Court concerning the contents of the four films involved in this appeal [are] true and accurate and that substantially everything contained in said four films [is] alleged in the four complaints filed by the appellees in the Fulton Superior Court." With respect to the remaining case, No. 26332, Santay v. Slaton, et al., we need only to say that in the performance of our function as a court of review we

have viewed the film there involved. Based on that viewing and upon the allegations contained in the complaints which are stipulated by the appellant to be true, as above quoted, we agree with the conclusion and finding of the trial court as to the nature of the content of the films here involved; that their appeal is solely to prurient interest and that they are wholly without redeeming social value. The finding of the trial court that probable cause exists to conclude that the films entitled, "Innocent Nymph Part II," "Zap," "Can Your Daughter Sit Tonight?," "The Virgin Runaway," and "Take Them As They Are" are obscene and hard core pornography was amply authorized and the seizure of the same, pending a final determination of that question by a jury, was clearly authorized in each case.

*Judgments affirmed with direction. All the Justices concur.*