46217. FAIRFIELD CORPORATION NO. 1 v. THORNTON et al.
(374 SE2d 727)

GREGORY, Justice.

Appellant Fairfield was the original developer of an addition to the Fairfield subdivision. In 1970 Fairfield sold by warranty deed lot 242 in the subdivision to appellee Thornton. The warranty deed referred to a recorded plat on which the area adjacent to lot 242 was designated as "drainage area." After Thornton purchased his lot, Fairfield recorded a revised plat on which part of the "drainage area" was incorporated into lot 250.

On December 17, 1987 Fairfield filed a complaint in Dougherty Superior Court against Thornton seeking an injunction to prohibit him from encroaching on the corporation's land known as lot 250 and from interfering with Fairfield's sale of lot 250. Fairfield alleged that Thornton had encroached on lot 250 by gardening and by building a dog pen on the land. Fairfield also alleged that Thornton had interfered with the sale of the property by harassing Fairfield's prospective purchasers.

Thornton filed a counterclaim for a temporary restraining order and permanent injunction. He alleged that his warranty deed specifically referred to a recorded plat in which the land in question was designated as "drainage area" and was designed for and was used by him for surface water drainage. Thornton alleged that he had a drainage easement on Fairfield's land and that he would be irreparably injured unless the corporation was permanently enjoined from developing or otherwise altering the drainage area.

The trial court held that by purchasing his lot in the subdivision according to the recorded plat, Thornton acquired an express grant of an easement over the drainage area and that there was no evidence of abandonment of the easement. Because the trial court found that there was an immediate danger that Fairfield might attempt to develop the land and that the development would cause irreparable injury to Thornton's easement, the court denied Fairfield's application for a permanent injunction. The court also permanently enjoined Fairfield from developing or otherwise altering the drainage area.

We hold that because Thornton purchased his lot in the subdivision according to the recorded plat he has an easement by express grant over the drainage area. *Tietjen v. Meldrim*, 169 Ga. 678, 697 (151 SE 349) (1929); *Walker v. Duncan*, 236 Ga. 331 (223 SE2d 675) (1976). We also hold that there was no evidence of abandonment.

Nevertheless, we reverse and remand this case because we hold that the scope of the injunction was overly broad. The trial court permanently enjoined Fairfield "from developing, clearing, filling, improving, changing or in anywise altering the contour or topography of any portion of Lot 250. . . ." There was evidence to support the trial

court's finding that Fairfield's current development scheme would have caused irreparable injury to Thornton, and under OCGA § 9-5-8 enjoining this development rested in the sound discretion of the trial court. But the court could not have foreseen that *any* alteration of lot 250 would have irreparably injured Thornton.

We therefore reverse and remand this case to the trial court for entry of an order in conformity with this opinion, which will enjoin any interference by Fairfield with Thornton's drainage easement but will permit development and other use of Lot 250 by Fairfield so long as it does not interfere with the easement.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED JANUARY 6, 1989 —
RECONSIDERATION DENIED JANUARY 19, 1989.

*Harry L. Wingate, Jr.,* for appellant.
*Gardner, Willis, Sweat & Goldsmith, Donald A. Sweat, Luanne Clarke,* for appellees.