S99A0262. RHODES v. BOARD OF HEALTH OF TOWNS
COUNTY et al.
(512 SE2d 890)

HUNSTEIN, Justice.

A portion of the septic system for the Anchor Rode Condominiums lies on a 1.74-acre tract of land owned by appellant Blaine Rhodes. In 1995 the Towns County Board of Health initiated an action against Rhodes to permanently enjoin him from interfering with the system. On May 14, 1997, the Anchor Rode Condominium Association intervened, seeking a similar injunction and a declaration that Rhodes' title to the land was subordinate to an easement in favor of the condominium association for the location and maintenance of the septic system. On March 5, 1998, the trial court held that Rhodes' title was subject to an easement in favor of the condominium association and issued a permanent injunction against Rhodes' interference with the easement. Rhodes appealed and on November 9, 1998, this Court unanimously reversed the trial court, holding that Rhodes' title was free and clear of such easement and, therefore, the association had no easement rights and was not entitled to a permanent injunction. *Rhodes v. Anchor Rode Condominium Homeowners Assn.*, 270 Ga. 139 (508 SE2d 648) (1998). On October 1, 1998, prior to the issuance of this Court's opinion in *Rhodes*, the trial

court ruled on the Board of Health's request for a permanent injunction. Relying at least in part on its previous ruling regarding the association's easement rights, the trial court found that the threatened interference with the septic system by Rhodes posed a public health risk and permanently enjoined him from personally interfering with the system. Rhodes appeals from that order and we reverse.

In *Rhodes,* supra, we held that Rhodes' property is not burdened with the association's sewage easement and remanded the case to the trial court for consideration of Rhodes' claim for a permanent injunction preventing the association from discharging sewage on his property. Should the trial court determine on remand that Rhodes is entitled to an injunction preventing the association from discharging sewage on his property, he also may have the concomitant right to remove the system and any remaining sewage from his property in a lawful manner. Contrary to our decision in *Rhodes,* however, the injunction at issue permanently enjoins Rhodes from interfering, in any manner whatsoever, with the operation, use and maintenance of the sewage system. Accordingly, while we agree with the trial court that under the facts of this case consideration must be given to insure public safety in the termination of the septic system and the possible removal of the system, we find the injunction as entered is overly broad. We reject the Board of Health's argument that the injunction properly enjoins Rhodes from interfering with the septic system only until such time as Rhodes is licensed to remove the septic system or has the permits and means for sewage removal and transport. The injunction as written has no such limitations. Because the trial court was without the benefit of this Court's opinion in *Rhodes* when it entered the injunction, we remand this case to the trial court for consideration of the Board's request for injunctive relief in light of that opinion and in conjunction with the trial court's reconsideration of Rhodes' request for injunctive relief.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 22, 1999.

*Stewart, Melvin & Frost, Frank Armstrong III,* for appellant.
*Cary D. Cox, Sorgen & Schindelar, Lawrence S. Sorgen,* for appellees.