## A98A2433. ELLIOTT v. McDANIEL.
(513 SE2d 249)

McMURRAY, Presiding Judge.

On March 18, 1996, plaintiff-appellee Jerry C. McDaniel, Sr. obtained a judgment against his former business partners, defendant-appellant Jerry Ann Elliott, her former husband, defendant James D. Elliott, and the parties' corporation, defendant J & J Landfill, Inc. ("J & J"), recovering on theories of fraud, misappropriation of corporate opportunity, and further obtaining a decree of specific performance. .This Court affirmed in part but reversed the decree of specific performance, because "we [could not] say that money damages did not restore McDaniel to his former position." *Elliott v. McDaniel*, 224 Ga. App. 848, 852-853 (4) (483 SE2d 104). This Court also held that the OCGA § 51-12-5.1 (g) cap on punitive damages applied because there was no jury finding of a specific intent to cause harm. 224 Ga. App. 855 (5), supra. Thus, the trial court's judgment was affirmed in part, reversed in part, and remanded with direction to amend the judgment in conformity with this Court's opinion. The Supreme Court of Georgia subsequently granted certiorari and, in

*McDaniel v. Elliott*, 269 Ga. 262, 265 (3) (497 SE2d 786), "reverse[d] that portion of the Court of Appeals' decision imposing the cap on punitive damages in this case." "Accordingly, to the extent that this decision of the Supreme Court [of Georgia] reverses the opinion of this Court, our original judgment in this case [was] vacated, and the judgment of the Supreme Court [was] made the judgment of this Court." *Elliott v. McDaniel*, 235 Ga. App. 773 (510 SE2d 46), notice of intent to apply for certiorari filed January 13, 1999.

In Case No. A98A2433, the case sub judice, plaintiff-appellee McDaniel again sued defendant-appellants Jerry Ann Elliott, James Elliott, J & J, plus J & J shareholder and director Glyndon C. Pruitt, seeking damages and injunctive relief. According to the complaint, at a special shareholders' meeting, defendants James Elliott and Glynn Pruitt ousted plaintiff as a director of J & J, electing defendant James Elliott as the sole director; voted to have J & J vacate the premises previously leased by J & J from defendant Jerry Ann Elliott; and had defendant Jerry Ann Elliott "[file] a dispossessory action . . . in the State Court of Forsyth County, Georgia. . . ." After an evidentiary hearing where all defendants were represented by counsel, the trial court denied plaintiff's request that a receiver be appointed for J & J but granted injunctive relief against defendant Jerry Ann Elliott, "restraining her [personally or through her agent] from initiating or continuing any action to dispossess or evict the corporation, J & J Landfill, Inc. from the real estate titled in her name and [currently] occupied by said corporation." Although captioned "Temporary Restraining Order," we viewed this order as an interlocutory injunction because it would "remain in effect until further Order of the Court," and so granted defendant Jerry Ann Elliott's application for discretionary appeal pursuant to OCGA § 5-6-35 (j). In two related enumerations, she contends the trial court erred in granting injunctive relief because plaintiff has an adequate remedy at law and because his claims are barred by res judicata and collateral estoppel. *Held*:

> "The doctrine of estoppel by judgment differs from the plea of res judicata, in that, while res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit." *Brown v. Brown*, 212 Ga. 202, 204 (91 SE2d 495).

*Tootle v. Player*, 225 Ga. 431, 432 (2) (169 SE2d 340). This Court's

previous ruling that Jerry C. McDaniel, Sr. is not entitled to specific performance of the favorable lease he desired is now the law of the case in the prior suit. Consequently, McDaniel is estopped by our prior judgment to assert that J & J now has any enforceable right to stay on the land of defendant Jerry Ann Elliott after expiration of the previous lease. The trial court erred in granting the injunction restraining Jerry Ann Elliott from initiating or continuing any action to dispossess or evict J & J from her land.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 26, 1999 —
RECONSIDERATION DENIED MARCH 10, 1999 — 

*McGarity & Moyer, J. Michael McGarity, Howard W. Reese III*, for appellant.

*Sexton & Sexton, James D. Sexton, Giles D. Sexton, Henderson & Lipscomb, David S. Lipscomb, Andersen, Davidson & Tate, Gerald Davidson, Jr., Thomas T. Tate*, for appellee.