S03A1730. TURNER et al. v. FLOURNOY.
(594 SE2d 359)

THOMPSON, Justice.

The question for decision in this case is whether the trial court abused its discretion by enjoining the development of a subdivision. We conclude that, in the absence of transcripts of hearings held below, the injunction must stand.

1. The trial court held hearings in this case on May 4, 2001, March 22, 2002, October 9, 2002, December 17, 2002, and June 3, 2003. Following the last hearing, the trial court entered an order which reads, in pertinent part, as follows:

> The plaintiff filed a verified complaint, seeking injunctive relief with regard to the attempt by the defendant Columbus-Muscogee County Consolidated Government to issue a permit for, and the attempt by the defendants Turner and Moore to begin construction on a subdivision project known or to be known as Fulton Plantation. A hearing was held . . . on Friday, May 4, 2001 . . . [and] the court entered a temporary restraining order, pending further investigation by the U. S. Army Corps of Engineers and counsel and experts for the various parties. Thereafter, this court has held several hearings on the matter, and has heard testimony and argument of counsel regarding the matter on several occasions, including March 22, 2002, and October 9, 2002. At the October 9, 2002 hearing, the court concluded that a site visit would be helpful to the court in understanding the facts and issues. On December 17, 2002, the court conducted a site inspection, attended by the undersigned judge . . . and all interested parties and counsel. The court

asked questions of and discussed the issues with the various parties in attendance at said site inspection, including the plaintiff John Flournoy, and the defendants Ronnie Turner and Tom Moore, and representatives of the defendant City of Columbus, including representatives of the City Engineering Department and the County Health Department. On June 3, 2003, the court conducted another hearing on the matter, and heard argument of counsel for all parties.

Upon consideration of argument of counsel, and all facts and evidence in the record, and upon consideration of information gathered by the court at the site visit, the court has concluded that the temporary injunction . . . should be made permanent, until such time as the defendants present to this court an engineered plan that satisfies the court that appropriate safeguards will be in place to protect the property of plaintiff.

It is therefore considered, ordered and adjudged that, pending further order of this court, the defendant Columbus-Muscogee County Consolidated Government is permanently enjoined from issuing any ground disturbance permit, land development permit, or other permits regarding the proposed Fulton Plantation Subdivision.

It is further considered, ordered and adjudged that, pending further order of this court, the defendants Turner and Moore are permanently enjoined from undertaking any development or ground disturbance activities on the land that is the subject matter of this action, to wit: the proposed Fulton Plantation Subdivision.

The trial court's order makes it clear that, in formulating the injunction, it relied on evidence and argument presented at a number of proceedings, including the December 17 site inspection; however, we do not have transcripts of all the proceedings. (The record does contain transcripts of the hearings held on October 9, 2002, and June 3, 2003. The trial court heard the arguments of counsel at those hearings; but evidence was not presented.)

The burden is upon the party asserting error to show error by the record. And where, as here, the alleged error concerns the propriety of injunctive relief, the party asserting error must include transcripts of the evidence and proceedings. In the absence of such transcripts, we presume that the evidence supports the issuance of the injunction. See *Kirkendall v. Decker*, 271 Ga. 189, 191 (516 SE2d 73) (1999).

Of course, customarily, transcripts are not made at a view. That is because, ordinarily, the factfinder simply views the scene in order

to gain a frame of reference. See generally *Hensley v. Henry*, 246 Ga. App. 417, 421 (541 SE2d 398) (2000), in which the court observes that there are at least two types of views, the "scene view" and the "evidentiary view." In this case, however, the trial court did more than view the scene – it questioned the parties and witnesses. And it relied upon the information gleaned at the scene, as well as the other hearings, to fashion the injunction. This was not happenstance. At the October 9 hearing at which the trial court concluded that a view would be in order, it informed the parties that it intended to question the engineers and representatives of the parties; and it added: "I'll leave it to you folks to, as to how you get the court reporter out there taking all this stuff down."

*Fairfield Corp. No. 1 v. Thornton*, 258 Ga. 805 (374 SE2d 727) (1989), upon which the dissent relies to support the proposition that the injunction is overly broad, is inapposite. In *Fairfield*, unlike the case at bar, transcripts were included in the record. Thus, the *Fairfield* court had enough information before it to determine that the injunction issued in that case was greater than necessary to protect the plaintiff. We have no information whatsoever. The facts and circumstances of this case were presented to the trial court, but not recorded for review. We do not know what evidence was presented. Thus, it cannot be said that the injunction is too broad.

2. The dissent takes the position that the injunction is interlocutory and that we should direct the trial court to modify the injunction by striking the words "permanent" and "permanently" from the order. This we will not do.

Prior to the last hearing, counsel for defendant Turner opined that one of the issues for decision at the hearing was whether the development should be "permanently enjoined." Thereafter, at the conclusion of the hearing, the court informed the parties that it intended to enter a "permanent" injunction. Neither defendant raised an objection when the court made that pronouncement. Moreover, after the trial court entered its written order permanently enjoining defendants, neither defendant complained that it had not been given notice of a final hearing, or that the order should not have been permanent. Under these circumstances, we must conclude that defendants agreed to have the trial court consider the propriety of permanent relief. *Georgia Kraft Co. v. Rhodes*, 257 Ga. 469, 471 (1) (360 SE2d 595) (1987) (trial court may determine the issues on their merits after interlocutory hearing where there is no objection or where the parties have acquiesced). See also *United Companies Lending Corp. v. Peacock*, 267 Ga. 145, 146 (475 SE2d 601) (1996) (in a proceeding seeking an interlocutory injunction, trial court was authorized to issue a permanent injunction if it was authorized by the evidence presented at trial).

Our conclusion in this regard is buttressed by the fact that neither defendant assigns error to the characterization of the injunction as permanent, and neither defendant asserts that the injunction is interlocutory. In fact, in their briefs, both defendants consistently describe the injunction as "permanent." Inasmuch as defendants do not assert that the injunction was anything other than permanent, this Court need not, and should not, come along now and call the injunction interlocutory. It is not the function of this Court to advocate or advance positions not advanced by the parties. With rare exceptions,[1] this Court, like all appellate courts, should decide the issues presented by the parties, as the parties present them. When we do otherwise, when we decide an issue sua sponte, we invite error because the issue has not been fleshed out fully; it has not been researched, briefed and argued by the parties. Moreover, the parties are blind-sided when an appellate court reaches an issue on its own motion. They have no inkling that the court even thought about such an issue until they receive and read the court's opinion. That is not fair.[2]

The issue the dissent would have us decide in this case – whether the injunction is permanent or interlocutory – was not argued below and has not been raised by the parties on appeal. Under these circumstances, it would be improper for this Court to decide this issue on its own motion.

3. If this issue were before the Court, we would not be so quick to label the injunction "interlocutory." The trial court's injunction can be viewed as being permanent even though it leaves the door open for development of the subdivision if defendants present a plan that will protect the interests of plaintiff. A permanent injunction is not rendered interlocutory simply because it has flexible or conditional features. See generally *Boomer v. Atlantic Cement Co.*, 257 NE2d 870 (26 NY2d 219) (1970); Dobbs, Handbook on the Law of Remedies, § 5.7 (3) (2nd ed. 1993), p. 525. As this Court has said: "A decree may be partly final and partly interlocutory; final as to its determination of all issues of law and fact and interlocutory as to its mode of execution." *Moody v. Muscogee Mfg. Co.*, 134 Ga. 721 (2) (68 SE 604) (1910). Such a decree is, nevertheless, permanent. Id.; *Hill v. Paluzzi*, 261 Ga. App. 123, 127 (581 SE2d 730) (2003).

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., Hunstein and Carley, JJ., who dissent.*

---

[1] See, e.g., *Lackey v. Lackey*, 216 Ga. 177 (115 SE2d 565) (1960) (appellate court will sua sponte inquire into jurisdiction of lower court); *Bond v. Ray*, 207 Ga. 559 (63 SE2d 399) (1951) (it is the duty of the court to inquire into its jurisdiction on its own motion).

[2] At the very least, the parties should be given an opportunity to brief an issue which this Court decides sua sponte.

CARLEY, Justice, dissenting.

While I cannot agree that the trial court's judgment should be affirmed without condition, I believe that if the judgment is properly construed it can be affirmed with direction. However, the majority's determination regarding the finality of the trial court's order leads inexorably to the conclusion that, even though the absence of certain hearing transcripts prevents reversal *on evidentiary grounds*, the injunction is overly broad on its face as a matter of law. Thus, if the majority opinion were accurate in characterizing the injunction as permanent and final with respect to the determination of all issues of fact and law, then the judgment would have to be reversed.

The trial court's order is extreme in its breadth, enjoining any development and any ground disturbance activities on any portion of the defendants' 100-acre tract. Depending on the evidence before the trial court, such an injunction may conceivably be appropriate if it is interlocutory and serves merely to preserve the status quo until a final decision on the merits. See *Gray v. DeKalb County*, 230 Ga. 95, 97 (3) (195 SE2d 914) (1973). However, "[a]n injunction should not ' "impose on defendant any greater restriction (burden) than is necessary to protect plaintiff from the injury of which he complains." (Cit.)' [Cit.]" *Bruce v. Wallis*, 274 Ga. 529, 531 (1) (556 SE2d 124) (2001). Even if the evidence was sufficient to support a finding that the proposed development scheme would cause irreparable injury to the plaintiff's land, the trial court should not have permanently enjoined any and all development or ground disturbance, because "the court could not have foreseen that *any* alteration of [the 100 acres] would have irreparably injured [Flournoy]." (Emphasis in original.) *Fairfield Corp. No. 1 v. Thornton*, 258 Ga. 805, 806 (374 SE2d 727) (1989).

The trial court's judgment in this case provides that it is effective only "pending further order" and "until such time as the Defendants present to [the trial court] an engineered plan that satisfies the Court that appropriate safeguards will be in place to protect the property of Plaintiff." I would construe these provisions to make the injunction interlocutory so that the limiting language mitigates the sweeping nature of the injunction. However, the majority insists that the injunction is permanent, but still asserts that the trial court leaves the door open for development. To the contrary, if the injunction is not interlocutory, it slams the door shut to any development as a result of a future court order in the pending suit, and requires the defendants to initiate, as plaintiffs, a new civil action, with all the attendant trouble and delay, and to prove a change in circumstances. *Stone Man v. Green*, 265 Ga. 877, 878 (463 SE2d 1) (1995); *Southern Ice and Coal Co. v. Atlantic Ice and Coal Corp.*, 143 Ga. 810, 814 (85 SE 1021) (1915); OCGA § 9-5-9. Thus, the majority's construction of the injunction as permanent makes the limiting language in the

order meaningless and demands the conclusion that the trial court failed to "craft an injunction 'in a manner that is the least oppressive to the defendant while still protecting the valuable rights of the plaintiff.' [Cit.]" *Goode v. Mountain Lake Investments*, 271 Ga. 722, 724 (2) (524 SE2d 229) (1999). This Court cannot rewrite the injunction for the trial court so as to include necessary limitations, especially in the absence of transcripts. *Rhodes v. Bd. of Health of Towns County*, 270 Ga. 565, 566 (512 SE2d 890) (1999). Accordingly, the majority's interpretation of the trial court's order as a permanent injunction renders it hopelessly overbroad. *Fairfield Corp. No. 1 v. Thornton*, supra.

Contrary to Division 2 of the majority opinion, it is not only appropriate, but absolutely necessary, to consider whether the injunction is actually interlocutory. The absence of evidentiary transcripts will not prevent this Court from considering a question on appeal which can be resolved by referring to the terms of the injunction itself. See *Cason v. Upson County Bd. of Health*, 227 Ga. 451 (1) (181 SE2d 487) (1971). Appellants raise just such a non-evidentiary issue when, citing *Fairfield Corp. No. 1 v. Thornton*, supra, they contend that, even if there was proof of irreparable injury and Flournoy was entitled to an injunction, the trial court's order nevertheless is overly broad. The majority inexplicably ignores this contention, even though it relates to the only issue which can be resolved in the absence of the transcripts of all hearings. As discussed above, whether the injunction is impermissibly overbroad, as appellants contend, depends upon whether its extremely broad provisions are of a final or temporary nature. Although Division 3 of the majority opinion describes the trial court's order as partly final and partly interlocutory, Georgia law does not provide for a hybrid injunction which is both permanent and interlocutory with respect to the substantial equities of the case. *Johnson v. James*, 246 Ga. 680, 682 (272 SE2d 692) (1980).

Where, as here, an injunction by its terms remains in effect until further order of the trial court, it is ordinarily viewed as interlocutory. *Sherman v. Kirk*, 141 Ga. 680 (3) (81 SE 1108) (1914); *Elliott v. McDaniel*, 236 Ga. App. 845, 846 (513 SE2d 249) (1999). See also *Walter v. Slayton*, 227 Ga. 676, 679 (1) (182 SE2d 464) (1971). The majority addresses and resolves this issue, even though it claims not to, by relying solely on the word "permanent." However, this nomenclature is completely inconsistent with the language of the order that specifies the duration for which it will be effective. "The effect of a judicial act and not the trial court's characterization of it determines whether it is a final judgment. [Cit.]" *Levingston v. Crable*, 203 Ga. App. 16, 18 (416 SE2d 131) (1992).

Furthermore, the record confirms that the injunction should be

construed to be interlocutory in this case. The trial court's only prior action was the entry of a temporary restraining order (TRO), which set a time limit for discovery and for evidentiary proffer of the requisite elements for interlocutory injunctive relief. When the TRO expired, the parties apparently continued to adhere to it. However, the trial court did not enter any further order until the one which is the subject of this appeal. In fact, the plaintiff's complaint does not even pray for a permanent injunction. The record does not contain a notice of final hearing, an order consolidating the most recent hearing on the application for interlocutory injunction with the trial on the merits, or any acquiescence to such a consolidation in the transcript of that hearing. See OCGA § 9-11-65 (a) (2); *Georgia Kraft Co. v. Rhodes*, 257 Ga. 469, 471 (1) (360 SE2d 595) (1987). That transcript shows that the trial court did not intend to enter a final order permanently enjoining development by the defendants of their entire 100-acre tract. Instead, the trial court stated that the property should be developed and encouraged defendants to settle the case by agreeing not to develop two lots and by not insisting on payment for those lots. The trial court closed the most recent hearing with a reference to making "the temporary injunction permanent *until* [the trial court] is convinced that there is a plan in place that will protect [plaintiff's] property." (Emphasis supplied.) In its quotation from the ensuing order of the trial court, the majority opinion omits a reference to the TRO. The trial court actually "concluded that the temporary injunction *and temporary restraining orders* heretofore entered should be made permanent . . . ." (Emphasis supplied.) There was not any previously existing temporary injunction and, in the context of the whole order and the record, it is clear that the trial court was entering, for the first time, an interlocutory injunction. Where, as here, "after an interlocutory hearing, the trial judge passes an order continuing in effect a previous restraining order until further order of the court, such order is in effect the granting of an interlocutory injunction . . . . [Cit.]" *Moore v. Selman*, 219 Ga. 865, 868 (1) (136 SE2d 329) (1964).

Moreover, since any other construction of the trial court's judgment would cause it to be overly broad, any ambiguity arising from inconsistent nomenclature should be resolved so as to prevent such an impermissible interpretation. When an injunction " 'is susceptible of two meanings, one of which would render it illegal and the other proper, that construction will, if reasonably possible, be given it that would render it legal.' [Cit.]" *Clark v. Bd. of Dental Examiners*, 240 Ga. 289, 294 (5) (240 SE2d 250) (1977).

Because permanent injunctions are referred to as "perpetual" in OCGA § 9-5-10, trial judges in Georgia, like the trial court here, have on occasion referred to interlocutory injunctions as "permanent."

*McMillan v. Savannah Guano Co.,* 133 Ga. 760 (2) (66 SE 943) (1910); *Strickland v. Griffin,* 70 Ga. 541, 550 (5) (1883). When a trial judge does so, "this will not require a reversal of his decision that the defendant should be enjoined; but direction will be given that the order be so modified as to relieve it of the inaccuracy of expression. [Cit.]" *McMillan v. Savannah Guano Co.,* supra at 761 (2) (a). See also *Cross v. Miller,* 221 Ga. 579, 583 (3) (146 SE2d 279) (1965); *Hardy v. Thomas,* 208 Ga. 752, 753 (7) (69 SE2d 609) (1952); *Strickland v. Griffin,* supra at 552 (5). Therefore, the affirmance of the trial court's judgment granting injunctive relief should be *with direction* that the trial court modify the injunction by striking the confusing and erroneous reference to it as permanent. Accordingly, I cannot agree with the majority that the judgment of the trial court should be unconditionally "affirmed."

I am authorized to state that Chief Justice Fletcher and Justice Hunstein join in this dissent.

DECIDED MARCH 22, 2004.

*Alston & Bird, Scott E. Hitch, Denney, Pease, Allison & Kirk, Ray L. Allison, Jaimie B. DeLoach, Clifton C. Fay,* for appellants.
*Buchanan & Land, Jerry A. Buchanan,* for appellee.