# Court of Appeals
# of the State of Georgia

ATLANTA,  September 12, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1243. JOSHUA PERRY PHILLIPS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

This is a discretionary appeal from the trial court's order denying John Perry Phillips's motion to set aside a default judgment against him. Based on comments made by the trial court at the hearing on the motion, Phillips argues that the trial court misunderstood the law in this ruling. But the trial court's written order does not demonstrate this alleged error, and Phillips has not included in the record on appeal either a transcript of the hearing or a statutorily-authorized substitute reflecting the trial court's comments. See OCGA § 5-6-41 (c), (g), & (i). Consequently, Phillips cannot meet his burden, as appellant, of proving error by the appellate record. See *Turner v. Flournoy*, 277 Ga. 683, 684 (1) (594 SE2d 359) (2004) ("The burden is upon the party asserting error to show error by the record.").

In his application for discretionary appellate review, Phillips included an affidavit of counsel, created after the order on appeal, that describes what occurred at the hearing on the motion. Unlike the rules of our Supreme Court, this court's rules do not expressly permit such affidavits in support of applications for discretionary review. Compare Supreme Court R. 33 with Court of Appeals R. 31 (f). Regardless, such affidavits are not to be evidence in themselves; they are to be in the nature of certifications by counsel of *what the record will contain* once it is prepared.

Because the record on appeal did not contain the information about the hearing set forth in the affidavit attached to Phillips's application, we find that the application

for discretionary appeal was improvidently granted, and we DISMISS the appeal.



*Court of Appeals of the State of Georgia*
　　*Clerk's Office, Atlanta,* ___09/12/2018___
　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*