22466.   DUMUS v. RENFROE.

SUBMITTED APRIL 14, 1964—DECIDED MAY 7, 1964.

34

*E. B. Shaw*, for plaintiff in error.

*Thomas R. Luck, Jr., Elijah A. Brown*, contra.

HEAD, Presiding Justice. The petition did not allege facts authorizing an injunction against the dispossessory warrant pending in the Civil Court of Fulton County. However, it did authorize an injunction against an alleged continuing nuisance.

"A nuisance is anything that works hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." *Code* § 72-101. "Every continuance of a nuisance is a renewal of wrong, and therefore actionable until abated." *Reid v. City of Atlanta*, 73 Ga. 523, 525. "By a continuing nuisance is not meant a constant and unceasing nuisance, but a nuisance which

occurs so often that it can fairly be said to be continuing, although not constant or unceasing. *Central of Ga. Ry. v. Americus Construction Co.*, 133 Ga. 392, 398 (65 SE 855); *Rinzler v. Folsom*, 209 Ga. 549, 552 (74 SE2d 661)." *Gordon County Broadcasting Co. v. Chitwood*, 211 Ga. 544 (2) (87 SE2d 78).

The petition alleges that since the time the dispossessory warrants were sworn out by the defendant she has continuously and continually harrassed and tormented the petitioner by calling her on the telephone at all hours of the night, and that her acts have injured, and are continuing to injure the petitioner's health. While it is alleged that the petitioner is a very sick person and permanently disabled, it is not alleged that the defendant has any notice of the condition of the petitioner's health or of her impaired physical condition, and the allegation as to her poor health can only be considered in connection with her allegation that the defendant has injured her health, and not to show intent on the part of the defendant to injure the petitioner.

There are limitations on the instances in which a court of equity may intervene to protect personal rights, and equity will not intervene where an adequate remedy is provided by law. We know of no remedy at law adequate to protect a person against the harrassment of continual telephone calls during the night. The threat to personal well-being and health from such calls can not be doubted.

It is the general rule that mere apprehension of an injury will not support a prayer for injunction. *Rounsaville v. Kohlheim*, 68 Ga. 668 (45 AR 505); *Imperial Hotel Co. v. Martin*, 199 Ga. 801 (35 SE2d 502); *Elder v. City of Winder*, 201 Ga. 511 (40 SE2d 659). The petition alleges facts to show reasonable grounds for expecting a continuation of the nuisance alleged, and it is not based upon mere apprehension of injury.

The trial judge erred in dismissing the petition on general demurrer.

*Judgment reversed. All the Justices concur.*