38549. DeKALB COUNTY v. BOLICK.

SMITH, Justice.

Appellee Bolick brought an action in 1976 seeking to enjoin appellant DeKalb County from maintaining a nuisance caused by drainage structures that allowed excess water to accumulate on appellee's land and to damage it. The court entered a permanent injunction whereby DeKalb County was enjoined to "do whatever work is necessary upon the drainage structures which are county

property in front of (appellee's) house to the extent of preventing such backing of water onto the (appellee's) property as is caused by the condition of such county structures." The county performed some work, but failed to abate the nuisance. The trial court granted Bolick's motion for contempt and DeKalb appeals that order. The trial court ruled that appellant was in wilful contempt but could purge itself by submitting within thirty days a proposal to comply with the previous order to control the water. In addition, appellee was awarded $500 in attorney fees.

Appellant contends that the injunction was vague and contests the trial court's finding that it was clear and enforceable. Appellant also contends the trial court erred in finding it in wilful contempt and in awarding attorney fees to Bolick.

1. DeKalb County argues that pursuant to Ga. Code Ann. § 23-1602 all claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred. Appellant urges that the contempt proceeding is barred because it was brought more than twelve months after the most recent flooding for which evidence was presented.

In *Reid v. Gwinnett County,* 242 Ga. 88 (249 SE2d 559) (1978), the county was ordered to pay damages because it had caused the diversion of surface waters onto plaintiff's land, thereby filling, polluting, and damaging plaintiff's property. This court held on appeal that giving the twelve months notice required by Code § 23-1602 entitled the property owner to recover those damages incurred in the twelve months preceding the giving of the notice in the case of a continuing nuisance. In the present case Bolick need not submit new evidence and have his case retried on a motion for contempt. Such a view as appellant urges would generate frustratingly repetitive litigation whereby a county could force a complainant to reassert his claim if the county delayed its compliance for more than twelve months from the time of the injury originally complained of. We will not reward delay. We hold that Bolick gave sufficient notice under § 23-1602 that the county had a duty to abate a nuisance. He was thereafter in compliance with § 23-1602 and entitled to his remedy, regardless of whether or when subsequent injuries occurred on his property as a result of the continuing nuisance of excess water. *Dumus v. Renfroe,* 220 Ga. 33 (136 SE2d 753) (1964); *McFarland v. DeKalb County,* 224 Ga. 618 (163 SE2d 827) (1968). Appellant's doubts as to certain requirements of the injunction could have been resolved by requesting a modification or construction of its terms. *General Teamsters Local Union v. Allied Foods,* 228 Ga. 479 (186 SE2d 527) (1971).

2. Superior courts are authorized by statute to punish contempt

by fines not exceeding $200 and by imprisonment not exceeding twenty days. Ga. Code Ann. § 24-2615 (5). In *General Teamsters Local Union v. Allied Foods,* supra, we overturned an award of $1,500 for attorney fees in a contempt proceeding. We held that the power of the superior court to punish contempt is limited by § 24-2615, and there is no power to award attorney fees in contempt proceedings. Although costs may be awarded, attorney fees are not a part of costs. *City of Atlanta v. International Assn. of Firefighters,* 240 Ga. 24 (239 SE2d 353) (1977). It was error in the present case to award $500 in attorney fees to Bolick and we reverse as to that part of the judgment.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982.

*Dillard & Wolfe, George P. Dillard, Richard W. Calhoun,* for appellant.
*William F. Rucker,* for appellee.