*William G. McDaniel,* for appellee.

### 68134. CONE v. JOHNSON et al.

McMurray, Chief Judge.

This is a pro se appeal following the completion of a trial in which a witness subpoenaed by the plaintiff applied for issuance of execution for his witness fee against the plaintiff. The plaintiff filed an answer to the application for the issuance of execution denying the claim. In an order issued by the trial court, the order referred to an affidavit of the claimant that he had made himself available for service as a witness, as the result of a subpoena by the plaintiff, for a seven-day period of time entitling him to $70 as a witness fee. The court then set forth that the plaintiff has asserted that the application was defective in that it failed to comply with OCGA § 24-10-2.1 in failing to indicate "the date on which [the witness] attended." Whereupon, the court ruled the application for the witness fee should be dismissed in failing to comply with the statute.

The witness then filed an additional application for the issuance of execution of witness fees complying with the statute claiming he was entitled to $70 (seven days at $10 per day). To this application the plaintiff filed an affidavit of illegality contending that the claimant was not entitled to receive anything since under OCGA § 24-10-27 (as amended by Ga. L. 1982, p. 982, §§ 1, 2; 1983, p. 3, § 17; 1983, p. 884, § 3-24) the witness was a public official (small claims court judge), the trial taking place during his regular duty hours, and he was not called to testify nor was he told to stand by for testimony, the witness performing his regular duties, but inasmuch as he did receive a subpoena, although he did not testify he would be due a witness fee of $10, and enclosing a check to the clerk in payment of that amount.

The claimant filed a motion to quash the affidavit of illegality contending the issues raised are res judicata, are based on incorrect statements made in bad faith and for the sole purpose of obstruction and delay. The claimant also refused to accept the $10 check from the clerk. The plaintiff filed other affidavits with reference to certain agreements by and between the parties involved in the litigation (a tax protest) whereby the parties had agreed to avoid disrupting the county business as little as necessary, county employees were not required to attend court but were to continue their regular duties and if their testimony were necessary same would be fit in with the least inconvenience. One affiant testified that to the best of her knowledge and belief the claimant did not attend court for seven days, that she assured him he would be given notice so as to involve the least incon-

venience to him with reference to his duties and that he knew he was not required to sit around the courtroom waiting to be called and "to the best of [her] knowledge he did not do so." Both of these affiants' affidavits were made upon their best knowledge, information and belief.

After consideration of the entire record the trial court granted the motion to quash and ordered the payment of $70 to the witness on the subpoena issued at the request of the plaintiff, the same to be paid "within seven days."

On November 29, 1983, the claimant filed an attachment for contempt in that the court had ordered the payment of $70 for witness fee within seven days and the plaintiff had failed and refused to do so seeking appropriate sanctions be imposed, including the award of attorney fees for bringing the instant application. Thereafter, on December 7, 1983, the plaintiff paid to the clerk the additional $60. On December 23, 1983 (nunc pro tunc to December 15, 1983), the trial court, based upon admission of the plaintiff that he had failed to comply with the court's order of November 16, 1983, adjudged him in contempt for said conduct and ordered him to purge himself of contempt by paying the sum of $50 in attorney fees no later than December 22, 1983. Plaintiff appeals. *Held*:

1. The first enumeration of error complains of the granting of the motion to quash plaintiff's affidavit of illegality and ordering him to pay over to the claimant the sum of $70 as witness fees. We note that under OCGA § 24-10-24 that upon affidavit of the witness to enforce payment the clerk shall issue an execution. Apparently no such execution was ever issued. The proper procedure is the filing of an affidavit of illegality with the levying officer to stay the proceeding and thus make a case in court with the return of the papers to the court by the levying officer. *State v. Everett*, 93 Ga. 575 (20 SE 73). Regardless of this failure to follow the proper procedure, the matter was before the court, and the court proceeded to consider the motion to quash and did quash the affidavit of illegality and awarded judgment to the claimant. This was a final order adverse to the plaintiff requiring his appeal or suffer the consequences. Plaintiff seeks to argue the merits as to the duty of Justices of the Peace (here a Judge of the Small Claims Court) to attend the superior courts "whenever required." See OCGA § 15-10-10 (8). However, this argument has no merit as the witness was not required to attend any court as he was not a justice of the peace although some of the duties may be the same. Whether or not the judgment is correct, plaintiff has shown no ground of reversal.

2. The second enumeration of error complains of the assessment of attorney fees in the contempt proceedings. Again we note this is a pro se appeal. However, plaintiff cites *DeKalb County v. Bolick*, 249 Ga. 843 (295 SE2d 92), which holds there is no power to award attor-

ney fees in contempt proceedings. The Supreme Court cited in support thereof *Gen. Teamsters Local Union No. 528 v. Allied Foods*, 228 Ga. 479, 485 (5) (186 SE2d 527), and *City of Atlanta v. Intl. Assn. of Firefighters*, 240 Ga. 24, 26 (4) (239 SE2d 353). The second enumeration of error as filed by the plaintiff is meritorious.

3. The judgment appealed was final. As the appellant has won a partial victory (reversal in part), the appeal was not frivolous, and appellee's motions to dismiss are not meritorious.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 28, 1984.

Leonard L. Cone, *pro se.*
*Kenneth R. Fielder*, for appellees.