45894. HUDSON v. HUDSON.

(373 SE2d 372)

WELTNER, Justice.

The administrator of an estate brought suit to set aside a deed purporting to convey real property. After a favorable jury verdict, the administrator moved to amend the judgment setting aside the deed to include a money judgment for the fair market value of the property.

The evidence was undisputed as to the fair market value of the property at the time of the purported conveyance. The trial court denied the motion, and remanded the case to the probate court for a determination of the value of the property.

Remand is inappropriate to this case, as the trial court was authorized to determine the fair market value of the property, and to enter a money judgment.[1]

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 10, 1988.

*Kirby G. Bailey,* for appellant.
*Philip L. Ruppert,* for appellee.

---

[1] "A superior court shall have full power to mold its decrees so as to meet the exigencies of each case and shall have full power to enforce its decrees when rendered." OCGA § 23-4-31.

The superior courts, on the trial of any civil case, shall give effect to all the rights of the parties, legal, equitable, or both, and apply remedies or relief, legal, equitable, or both, in favor of either party, as the nature of the case may allow or require. [OCGA § 23-3-1.]