## S98A1923. COLUMBIA COUNTY v. DOOLITTLE.
(512 SE2d 236)

FLETCHER, Presiding Justice.

In this inverse condemnation action, a jury found that Columbia County was responsible for maintaining a continuing nuisance that

---

amounted to a taking under the Georgia Constitution and awarded damages, attorney's fees, and costs to property owner S.E. Doolittle. In its 24 enumerations of error, the county argues that it should have been granted a directed verdict on the inverse condemnation and damages claims, and the trial court misapplied the "twelve-month" rule, improperly charged the jury on proximate cause and inverse condemnation, and erred in granting an injunction. After reviewing the record, we conclude that there was sufficient evidence to support the jury's award and the charge as a whole adequately instructed the jury, but that the injunction against the county was too broad. Therefore, we affirm the jury's award of damages, costs, and attorney's fees, but reverse and remand for the trial court to enter a more narrowly drawn injunction.

Doolittle owns property in Columbia County containing a pond. After the county approved several residential subdivisions upstream, silt began filling the pond and lime from a road paving project killed all the fish in it. Doolittle drained the pond and found muck, silt, bottles, cans, and other debris. Doolittle sued Columbia County alleging a continuing nuisance based on the county's failure to properly maintain the drainage system in the upstream subdivisions and its use of his fishing pond as a public retention pond. After a five-day trial, the jury found that the county was maintaining a continuing nuisance and awarded Doolittle $11,325 as the cost for removing the excess silt, $5,000 for the loss of use of the pond, $33,868 in attorney's fees, and $19,228 for costs. The trial court entered an injunction ordering the county to return surface water runoff to a pre-development state and to reduce any deposit of mud, silt, and sediment onto Doolittle's property to 59 tons a year. Columbia County appeals.

1. The eminent domain paragraph of the Georgia Constitution states that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid."[1] We have interpreted this provision as waiving sovereign immunity in an inverse condemnation action[2] and permitting the county to be sued for damages and enjoined for creating or maintaining a continuing nuisance.[3] To state a claim for inverse condemnation, the property owner does not have to show a physical invasion that damages the property, but only an unlawful interference with the owner's

---

[1] Constitution of the State of Georgia of 1983, art. I, sec. III, para. I (a); see also id. art. I, sec. I, para. I ("No person shall be deprived of . . . property except by due process of law.") .

[2] See *Powell v. Ledbetter Bros.*, 251 Ga. 649, 651 (307 SE2d 663) (1983), overruled on other grounds, *David Allen Co. v. Benton*, 260 Ga. 557 (398 SE2d 191) (1990); *Duffield v. DeKalb County*, 242 Ga. 432, 433 (249 SE2d 235) (1978).

[3] See *Fulton County v. Baranan*, 240 Ga. 837, 839 (242 SE2d 617) (1978); *McFarland v. DeKalb County*, 224 Ga. 618, 619 (163 SE2d 827) (1968).

right to enjoy the land.[4] Private property owners may be compensated in inverse condemnation actions for the temporary taking of land for the paving of a turn lane,[5] increased noise and odor from a county's sewage plant,[6] and flooding, siltation, and pollution from surface water diverted by roadway maintenance.[7]

On a motion for directed verdict, we construe the evidence in favor of the party opposing the motion and will affirm if there is evidence to support the trial court's decision.[8] Our review of the record here shows there was substantial evidence to support the trial court's denial of the county's motion. A real estate appraiser testified that Doolittle's pond was maintained well during the 1980s. As a result of a fish kill in 1992, Doolittle drained the pond and for the first time found muck, silt, cans, bottles, and other debris. Doolittle presented evidence that the county had accepted control of the streets, sanitary sewage systems, and storm drainage systems in four subdivisions built upstream and was responsible for maintaining the systems. His expert witnesses, including civil engineers and a real estate appraiser, testified that the county was using the pond as a sediment retention pond for a public purpose. They also testified that the amount of sediment deposited yearly in the pond and the peak flow of storm water had greatly accelerated due to the development in the drainage basin, and there was inadequate or nonexistent erosion control. Doolittle testified that the water flowed around the pond's emergency spillway three to four times a year, compared to three to four times between 1957 and the mid-1980s. The county denied any responsibility, refused to investigate, and failed to initiate any change or a formal condemnation action. Based on this evidence, the trial court did not err in refusing to grant a directed verdict to the county on the inverse condemnation claim or in charging the jury on inverse condemnation.

2. The county objected to the jury charge on causation as creating a double burden by requiring it to prove both that the county did not maintain a continuing nuisance and that someone else was

---

[4] *Duffield*, 242 Ga. at 434; see generally Nichols on Eminent Domain § 6.05[2] (a substantial deprivation of property use and enjoyment may constitute a taking or compensable interest).

[5] See *Dep't of Transp. v. Edwards*, 267 Ga. 733, 736 (482 SE2d 260) (1997).

[6] See *Duffield*, 242 Ga. at 433-434.

[7] See *Powell*, 251 Ga. at 650; *Reid v. Gwinnett County*, 242 Ga. 88, 89 (249 SE2d 559) (1978); *Fulton County v. Baranan*, 240 Ga. at 837; *McFarland*, 224 Ga. at 619; see generally Charles N. Pursley, Jr., Georgia Eminent Domain § 8.2 (Daniel F. Hinkel ed. 1993) (inverse condemnation action may be brought against public body for diverting water, impairing access, causing mud and silt to flow onto property and for damaging property by noise, odors, or pollution).

[8] See *Georgia Dep't of Human Resources v. Phillips*, 268 Ga. 316, 322 (486 SE2d 851) (1997).

responsible for the damage to Doolittle's property. After reviewing the entire charge, we conclude that the charge taken as a whole adequately instructed the jury. As the county requested, the trial court instructed the jury that the county could not be liable for the sole act of approving a construction project that leads to increased surface water run-off. Instead, the trial court charged the jury that Doolittle had to show that the county caused or allowed a nuisance to exist in maintaining its drainage system, the nuisance resulted in a taking or damaging of Doolittle's property, and the county failed to remedy the nuisance within a reasonable time after it had knowledge. In addition, the charge sufficiently defined the terms "nuisance" and a "taking," indicating that a nuisance cannot be a single act but must be continuous. Considered as a whole, the charge sufficiently protected the county from being held liable for damages caused by someone else's negligence.

3. When a continuing nuisance is found, a property owner may obtain both damages and an injunction.[9] We have held that a court of equity may restrain a county from collecting greater quantities of surface water and causing it to flow onto private property in a different manner and from maintaining a roadway in such a manner as to divert surface water onto property.[10] The granting of an injunction is within the sound discretion of the trial court and must be tailored to the improper taking.[11]

Although the trial court in this case did not abuse its discretion in granting injunctive relief, we conclude that the injunction is overbroad. In the injunction, the trial court ordered the county "to cease current and prevent the future flow of: 1) surface water onto Plaintiff's property in excess of the amount that would occur had the land uphill from Plaintiff's property remained undeveloped, and 2) mud, silt, sediment, and rubbish in any amount which would deposit more than fifty-nine tons per year of such substances onto Plaintiff's property." We find that the order to return the water flow to its pre-development level is an impossible and overreaching mandate and also find unduly restrictive the requirement that sediment be limited to 59 tons. Instead, the evidence and the trial court's findings support enjoining the county from maintaining a defective drainage system, allowing excessive erosion and sedimentation onto Doolittle's land, and using Doolittle's pond as a retention pond.

4. Having reviewed the remaining enumerations, we find no error. The trial court did not err in rejecting the sovereign immunity

---

[9] See *Edwards*, 267 Ga. at 738-739; *Duffield*, 242 Ga. at 432.

[10] See *DeKalb County v. Bolick*, 249 Ga. 843 (295 SE2d 92) (1982); *Baranan v. Fulton County*, 232 Ga. at 855.

[11] OCGA § 9-5-8 (1983).

and public duty doctrine defenses,[12] applying the rule requiring the property owner to present the county with a written claim within 12 months,[13] refusing to strike the testimony of Doolittle's expert,[14] and denying the county's motion for directed verdict on Doolittle's claims for damages, injunctive relief, attorney's fees, and costs.[15]

*Judgment affirmed in part, reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED MARCH 5, 1999.

*Hull, Towill, Norman & Barrett, William J. Keogh III, Douglas D. Batchelor, Jr., Patrick J. Rice,* for appellant.
*Ben S. McElmurray, Jr.,* for appellee.

---

[12] See *Duffield*, 242 Ga. at 433 ("the Constitution provides for a waiver of sovereign immunity where a county creates a nuisance which amounts to an inverse condemnation"); *Hamilton v. Cannon*, 267 Ga. 655, 656 (482 SE2d 370) (1997) (limiting public duty doctrine to police protection).

[13] See *Bolick*, 249 Ga. at 844; *Reid*, 242 Ga. at 89-90.

[14] See *McCoy v. State*, 237 Ga. 118, 119 (227 SE2d 18) (1976) (jury considers expert's credentials and gives weight and credit to expert testimony that it sees fit).

[15] See *Phillips*, 268 Ga. at 322 (any evidence test used to review the denial of a directed verdict).