S99A0710. GOODE et al. v. MOUNTAIN LAKE INVESTMENTS, L.L.C. et al.

(524 SE2d 229)

SEARS, Justice.

This is an equity case in which appellants David, Marjorie, and James Goode contend that the trial court granted inadequate equitable relief in their action against appellee Mountain Lake Investments, L.L.C. ("MLI"). In that action, the Goodes claimed that MLI had caused excessive surface water and sediment-laden surface water to flow onto the Goodes' property. We conclude that the trial court did not abuse its discretion in granting the injunctive relief at issue, and we therefore affirm.

The Goodes' property lies at the bottom of a 40-acre drainage basin, and MLI's property is located uphill from that of the Goodes. After acquiring its property, MLI altered the slope of the property, and added a road, a parking lot, and a small manufacturing plant. MLI's site occupies about 15 acres of the basin, with the building and parking areas consisting of 2.2 acres. The Goodes subsequently filed this action, contending, among other things, that MLI was "causing the diversion of sediment laden surface water onto their property thereby creating a nuisance." In an interlocutory order, the trial court ruled that MLI's actions created a nuisance by interfering with the natural flow of water and by increasing the flow of sediment-laden surface water onto the Goodes' property. The trial court ordered MLI to develop a plan to abate the nuisance by reducing the water flow from its property onto the Goodes' to the level that existed before MLI's development, and by preventing further discharge of sediment onto the Goodes' property. MLI developed a plan, which called for the construction of a detention pond, to alleviate the water flow and sediment discharge problems. The trial court approved the

plan on January 24, 1997, and MLI constructed the detention pond.

On October 5, 1998, the trial court entered an order on the Goodes' request for permanent injunctive relief. The court noted that siltation caused by wash from MLI's property had been the primary impetus for the prior injunction issued against MLI; that siltation does not continue to be a problem due to various remedies implemented by MLI; that there was still a substantial concentration of water flow from MLI's property onto the Goodes' property; that that water flow exceeded the natural flow of water onto the property; that the flow of surface water upon the Goodes' property was not a new problem as there was evidence of prior surface water problems before MLI's development of its property; that there was an existing water course, referred to as a ditch at trial, that was designed to convey water across the Goodes' property; that water no longer flows through that water course; that this factor may have contributed to the excessive flow of surface water onto the Goodes' property; that the first surface water problems disturbing the Goodes' property occurred before MLI developed its property; that MLI is responsible for 50 percent of the concentrated water flow onto the Goodes' property; that there is no reasonable way to limit the flow of surface water from MLI's property onto the Goodes' property; that controlling the excessive water flow on the Goodes' property was the proper remedy; and that, to properly control the flow of surface water across the Goodes' property, MLI had to contribute 50 percent of the reasonable cost to construct a ditch across the Goodes' property. The Goodes have now filed this appeal.

1. The Goodes contend that, as a matter of law, the trial court was required to order MLI to bring the water flow back to predevelopment levels, and that the trial court abused its discretion in not requiring MLI to do so. This Court, however, has recently held that a trial court's order to return surface water run-off to predevelopment levels was "an impossible and overreaching mandate,"[1] and was therefore an abuse of discretion. Thus, contrary to the Goodes' contention, the trial court had the discretion to decide whether or not to require MLI to return the water flow onto the Goodes' property to its pre-development level.

2. The Goodes next contend that the trial court erred in finding that there were no further reasonable remedies that could be implemented on MLI's property to limit the flow of water from MLI's property onto the Goodes' property beyond the limit that had been attained with the detention pond, and that the trial court erred in ordering that the solution for abating the excess flow of water occur

---

[1] *Columbia County v. Doolittle*, 270 Ga. 490 (512 SE2d 236) (1999).

on the Goodes' property and not on the property of MLI.

As for the trial court's finding that there were no further reasonable means that could be taken to abate the flow of surface water on MLI's property, we conclude it is not clearly erroneous, and we therefore may not disturb it on appeal.[2] In this regard, although the dissent states that MLI's expert testified that there were other reasonable steps that could be taken on MLI's property to decrease the water flow, the expert simply testified that there were other possible solutions that had not been investigated. There was no evidence that these solutions were reasonable under the circumstances of this case. MLI's expert in fact emphasized that the detention pond placed on MLI's property was the most reasonable engineering solution to deal with the water running off MLI's property.

Moreover, several factors lead us to conclude that the trial court did not abuse its discretion in granting the injunction at issue. First, a trial court has broad discretion to fashion equitable remedies based upon the exigencies of each case,[3] and we have held that a trial court should craft an injunction "in a manner that is the least oppressive to the defendant while still protecting the valuable rights of the plaintiff."[4] Moreover, where there are conflicts in the evidence and a trial court, in reviewing those conflicts, grants an injunction, an appellate court will not disturb the injunction the trial court has fashioned unless there was a manifest abuse of discretion.[5]

In this case, based on conflicting evidence, the trial court concluded that the Goodes were responsible for 50 percent of the excessive water flow; that a drainage ditch which pre-dated MLI's development and which was designed to convey water across the Goodes' property in a controlled fashion had become clogged and may have contributed to the excessive water flow; that there were no further reasonable steps that could be undertaken on MLI's property to decrease the water flow from MLI's property onto the Goodes' property; and that the most appropriate relief was for the parties to share equally in the cost of constructing a drainage ditch across the Goodes' property. Having reviewed the record, we cannot conclude that the trial court abused its discretion in granting the injunctive relief at issue.

*Judgment affirmed. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

---

[2] *Richmond County Hosp. Auth. v. Richmond County*, 255 Ga. 183, 191 (336 SE2d 562) (1985).

[3] See *Hudson v. Hudson*, 258 Ga. 692, 693, n. 1 (373 SE2d 372) (1988); OCGA §§ 23-4-31; 9-5-8.

[4] *Prime Bank v. Galler*, 263 Ga. 286, 289 (430 SE2d 735) (1993).

[5] *Corp. &c. of Latter-Day Saints v. Statham*, 243 Ga. 448, 449 (254 SE2d 833) (1979).

HUNSTEIN, Justice, dissenting.

The majority ignores the inadequacy of the equitable relief fashioned by the trial court in this matter and concludes that the permanent injunction at issue meets the requirement that it be crafted in a manner "the least oppressive to the defendant while still protecting the valuable rights of the plaintiff." This conclusion overlooks that the trial court failed in two respects: (1) by refusing to fashion a remedy which addressed abatement of the nuisance, and (2) compelling the affected party to bear expenditures to clean up a nuisance it has not created. Because I disagree with the majority and believe instead that the narrow relief provided for in the injunction amounts to no remedy for the Goodes, I respectfully dissent.

The majority holds that it was not clearly erroneous for the trial court to find that there were no further reasonable means that could be taken to abate the flow of surface water from MLI's property onto the Goode property. This conclusion overlooks the evidence presented by MLI's own expert that there were further reasonable steps that could be undertaken on MLI's property to decrease the water flow. The record establishes that the atypical flooding commenced subsequent to MLI's purchase and commercial development of the property. Changes made by MLI to the property were substantial and included alteration of the slope of the property to accommodate additions of a manufacturing plant, a road and a parking lot. It is uncontroverted that these changes so increased the amount of surface water channeled onto the Goode property that the property flooded 93 times after the start of MLI's construction. Because the trial court had full knowledge of its earlier decision that MLI created a trespass and nuisance by interfering with the natural flow of water, and that MLI was responsible to abate the nuisance, the trial court should have mandated that MLI use one of the remaining alternative remedies to alleviate the water problem. Instead, the trial court's order allows MLI's trespass and nuisance to continue and burdens the Goodes' property and their pocketbook by requiring them to abate a nuisance created by another. Compare *Essex Group v. Southwire Co.*, 269 Ga. 553 (2) (501 SE2d 501) (1998). Because a review of the facts of this case demands the conclusion that the trial court's order constitutes clear error and a manifest abuse of discretion by that court, I dissent to the majority's opinion.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED NOVEMBER 22, 1999.

*Jenkins & Nelson, Frank E. Jenkins III, John W. Nichols,* for appellants.

*McGee & Oxford, James J. Brissette,* for appellees.