S06A1167. MENZIES v. HALL.
(637 SE2d 415)

HUNSTEIN, Presiding Justice.

In this equity action, appellant Winston Menzies, d/b/a Cars for Christ ("CFC"), contends that the trial court abused its discretion in fashioning injunctive relief to alleviate excessive rain and surface water run-off from property occupied by CFC onto property owned by appellee Amanda Hall. Because we find that the trial court did not abuse its discretion, we affirm.

The evidence presented authorized the trial court to find that Hall is the owner of a 2.5 acre tract of improved real property located in Rockdale County. She has resided on the property since 1943. In

2000, the Greater Grace Church of Conyers 2000 Trust, over which Menzies serves as trustee, entered into an agreement to lease property situated uphill and adjacent to Hall's property. After the trust acquired its leasehold interest, Menzies removed much of the grass located on the lot and replaced it with compacted gravel with the intent to operate CFC, a used car business, on the property and to store its used car inventory on the rear portion of the lot. These modifications to the property substantially increased the amount of water run-off on Hall's property.

Hall complained to both Menzies and the City of Conyers, causing Menzies to retain an engineer who designed a plan for detention of the water run-off. The plan, as personally constructed by Menzies, provided for the installation of a concrete wall between the two lots with a four-inch pipe to direct water into a spreader swale along the property line to more evenly disburse the water as it flowed onto Hall's property. Hall's property continued to receive excessive water run-off, and she filed suit in November 2003 alleging a continuous nuisance and trespass. Both parties submitted engineering reports to the court and a hearing was held, after which the court issued a temporary injunction directing Menzies to stop any excessive water run-off onto Hall's property but leaving it up to Menzies and his experts to determine what changes were necessary to achieve this result.[1]

Water run-off continued to concentrate and disperse across Hall's property at greater than pre-development levels, and in August 2004 she filed a motion for contempt. After a hearing, the court held Menzies in contempt of the court's temporary injunction based on his failure to take corrective action. During a subsequent hearing, the judge heard expert and lay testimony, reviewed videotape and photographic evidence of the properties, and then determined, after personally inspecting the properties with the parties during a rainstorm, that although some improvements had been made to the CFC lot, they were insufficient to cure the run-off problem. The court directed Menzies to construct a detention pond to reduce the amount of water flowing onto Hall's property, but at a hearing in February 2005, Menzies informed the court that he hit bedrock while excavating the pond, making further progress difficult. At the final hearing in September 2005, a county environmental inspector testified that

---

[1] The trial court modeled the language of this injunction after the general rule that " 'one land proprietor has no right to concentrate and collect [water], and thus cause it to be discharged upon the land of a lower proprietor in greater quantities at a particular locality, or in a manner different from that in which the water would be received by the lower estate if it simply ran down upon it from the upper by the law of gravitation. [Cits.]' [Cit.]" *Gill v. First Christian Church*, 216 Ga. 454 (1) (117 SE2d 164) (1960).

he believed the standing water in the partially-excavated pond created a breeding ground for mosquitoes and if left uncorrected, Menzies could be found to be in violation of county ordinances. As an alternative to construction of the detention pond, Menzies proposed yet another engineering plan which required him to regrade the area near the base of the concrete wall.

In its final order, the court found that installation of gravel on the CFC lot in combination with the storage of a large number of automobiles on the property resulted in an excessive amount of water run-off onto Hall's property; that the effect was not temporary but substantial; that the excessive run-off created erosion of or damage to Hall's property and prevented the use of the affected area for certain activities; and that despite Menzies' efforts, the problem had yet to be cured. Finding the existence of a nuisance, the court directed Menzies to complete his newly proposed engineering plan, to maintain the area as designed, and to refrain from storing or parking unattended motor vehicles on the rear portion of its lot.

1. Menzies contends on appeal that the remedy fashioned by the trial court to abate the flow of water onto Hall's property constituted an abuse of discretion because it imposed a greater restriction than necessary to protect Hall. In surface water run-off disputes where two lots adjoin, " 'the lower lot owes a servitude to the higher, so far as to receive the water which naturally runs from it, provided the owner of the latter has done no act to increase such flow by artificial means.' [Cits.]" *Cox v. Martin*, 207 Ga. 442 (1) (62 SE2d 164) (1950). The evidence of record clearly established that Menzies' development of the CFC lot artificially increased the natural flow of surface and rain water onto Hall's property. Thus, Hall was under no obligation to receive the increased water run-off and it was within the discretion of the trial court to determine whether and how to require Menzies to abate the flow of water onto Hall's property. See *Goode v. Mountain Lake Investments*, 271 Ga. 722 (1) (524 SE2d 229) (1999).

2. The decision whether to grant an injunction rests in the sound discretion of the judge, according to the circumstances of each case. OCGA § 9-5-8. See *Goode*, supra, 271 Ga. at 723 (2). In exercising its discretion, a court should not " 'impose on defendant any greater restriction (burden) than is necessary to protect plaintiff from the injury of which he complains.' [Cit.]" *Dawson v. Wade*, 257 Ga. 552, 554 (4) (361 SE2d 181) (1987). "[W]here there are conflicts in the evidence and a trial court, in reviewing those conflicts, grants an injunction, an appellate court will not disturb the injunction the trial court has fashioned unless there was a manifest abuse of discretion." (Footnote omitted.) *Goode*, supra, 271 Ga. at 724. The findings of fact on which a court relies in fashioning its remedy will not be disturbed unless clearly erroneous. OCGA § 9-11-52 (a).

Here, the trial court did not clearly err when it determined that an adequate cure for the run-off problem required both implementation of Menzies' second engineering plan and removal of motor vehicles from the rear portion of the CFC lot. The record supports the trial court's finding that the placement of gravel on the lot, together with the metal "roof" created by the number of vehicles parked there, rendered a substantial portion of the CFC lot virtually impermeable, thereby creating the conditions that adversely affected Hall's property. We find that the trial court fashioned a remedy, based on all of the evidence before it, that reasonably balanced Menzies' interest in operating his business on the CFC lot and Hall's valuable right to have her property free from artificial runoff without requiring Menzies to do the impossible. See *Columbia County v. Doolittle*, 270 Ga. 490 (3) (512 SE2d 236) (1999). Compare *Bruce v. Wallis*, 274 Ga. 529 (1) (556 SE2d 124) (2001) (abuse of discretion to order removal of horses from property where run-off alleviated by other means); *Prime Bank v. Galler*, 263 Ga. 286 (4) (430 SE2d 735) (1993) (error to order demolition of house because it did not comply with restrictive covenants). Accordingly, the trial court did not abuse its discretion in permanently enjoining Menzies from parking or storing unattended motor vehicles on the rear portion of the CFC lot.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006.
Equity. Rockdale Superior Court. Before Judge Nation.
*A. Keith Logue*, for appellant.
*Mumford & Myers, Albert Myers*, for appellee.