A09A1633. YUREVICH v. WILLIAMS.
(690 SE2d 476)

DOYLE, Judge.

Elizabeth Yurevich, pro se, filed this action against her former daughter-in-law, Sandra Williams, seeking money allegedly owed on a promissory note memorializing a loan Yurevich made to her son, William, and Sandra for the down payment on a house. Yurevich appeals from the grant of summary judgment to Sandra, contending that the trial court erred in concluding that Yurevich was not entitled to payment as a matter of law. For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that in October 1998, Sandra and her ex-husband (Yurevich's son) executed a note promising to pay Yurevich $30,088.49, reflecting the down payment made by Yurevich toward a new home for her son and Sandra. The note contained no interest rate, and it provided that "[n]o payments of principal are required to be paid until any of the parties of this agreement sell or transfer title in any manner their ownership interests in" the marital home. On the same day the note was executed, Sandra and William closed on the purchase of the marital home. It is undisputed that, after closing, Yurevich held a one-half interest in the property, and Sandra and William shared ownership of the other half interest.

In July 2006, as her marriage faltered, Sandra executed a quitclaim deed, which was recorded, transferring her share of the title in the marital home to William and Yurevich. In September

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

2007, a final judgment and decree of divorce was entered, and in November 2007, the final decree was amended, resulting in the following distribution from the interests in the marital home: from the fair market value of the home (found by the trial court to be $182,500), the trial court subtracted the amount of the outstanding mortgage ($102,982.39) and the amount of the down payment made by Yurevich ($30,088.49), leaving $49,429.12 as the remaining equity. The trial court awarded one quarter of the equity each to Sandra and William, with the remaining half reserved for Yurevich. Based on this formula, the trial court ordered William to pay Sandra her share of the equity, $12,357.28 (one quarter of $49,429.12).

Yurevich filed suit against Sandra claiming that Sandra owed her payment under the promissory note and that Sandra owed her payment for a $4,100 lien placed on the property by Sandra's former attorney. Sandra successfully moved for summary judgment, and Yurevich now appeals.

1. Yurevich essentially contends that the trial court erred in granting the summary judgment motion because she was inadequately repaid under the quitclaim deed and divorce decree. We disagree.

The first question is whether payment under the promissory note had become due. By the express terms of the note, "[n]o payments of principal are required to be paid until any of the parties of this agreement sell or transfer title in any manner their ownership interests in the" home. The only basis for concluding that there has been a transfer of ownership is the transfer of ownership by a debtor under the note to the co-owner (Sandra) and the note's creditor (Yurevich) as part of a divorce — a scenario surely not contemplated by the parties. However, even if we assume that the transfer did trigger the repayment obligation under the note, as a matter of equity, the divorce court set aside the $30,088.49 down payment to be paid to Yurevich. Because Sandra has quitclaimed her interest in the property to Yurevich and William, she can have no claim to that equity upon the sale of the property. Further, according to the scheme in the divorce decree, the proceeds of the sale would be used to pay off the mortgage and the promissory note, with any surplus going to Yurevich and her son as the remaining owners.

The divorce decree is a final judgment that remains unappealed. In light of the particular circumstances before us, including the $30,088.49 in equity preserved by the divorce decree and the quitclaim by Sandra of her one-quarter interest in the home, we discern no error in the grant of summary judgment to Sandra. Under these facts, because of the quitclaim and $30,088.49 set-aside in the divorce decree's computation of equity in the home, Yurevich has

been made whole with respect to Sandra's debt under the note.[2]

2. Turning next to the $4,100 lien placed on the home by Sandra's former attorney, the undisputed record shows that the lien was filed in February 2007, but Sandra had quitclaimed her interest in the property in July 2006. An attorney's lien can be properly asserted against real property recovered in a divorce judgment.[3] However, Sandra did not own the property when it was encumbered by the lien, and she did not recover an interest in the property in the divorce proceeding, nor does she have an interest in it now. Therefore, Yurevich is not entitled to recover against Sandra in the present action. In the absence of any allegation of fraud or collusion between Sandra and her former attorney, Yurevich's remedy is not against Sandra, and the trial court did not err in granting Sandra summary judgment.

3. Sandra's motion to dismiss the appeal is denied.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JANUARY 29, 2010.

Elizabeth M. Yurevich, *pro se.*
*Galloway & Lyndall, Newton M. Galloway,* for appellee.

---

[2] See generally *Goode v. Mountain Lake Investments, LLC,* 271 Ga. 722, 724 (2) (524 SE2d 229) (1999) ("a trial court has broad discretion to fashion equitable remedies based upon the exigencies of each case").

[3] See OCGA § 15-19-14 (c); *Lipton v. Warner, Mayoue & Bates, P.C.,* 228 Ga. App. 516, 518 (2) (492 SE2d 281) (1997) (holding lawful the liens for attorney fees asserted against the real property that client recovered pursuant to a divorce judgment). We need not decide whether the lien properly attached here or whether the home itself, as opposed to the money Sandra received in equity, was a fruit of the attorney's labor. Compare *Gutter-Parker v. Pridgen,* 268 Ga. App. 205, 206 (601 SE2d 707) (2004) (in a suit for money damages for breach of contract and negligent construction, "unless the 'fruit of the labor' of [the] attorney . . . was the recovery of [the] house [itself], an attorney's lien against the house will not lie").