FINAL COPY
294 Ga. 702

S13A1878. GWINNETT COUNTY v. MᴄMANUS et al.

Bᴌᴀᴄᴋᴡᴇʟʟ, Justice.

In this equity case, Gwinnett County appeals from an interlocutory injunction against the County and in favor of Gerard and Jewell McManus. Pending further proceedings in this case, the injunction prohibits the County from using "artificial means" to increase the water and sediment that runs off a parcel of real property owned by the County and onto an adjacent parcel owned by the McManuses. The County contends that the trial court abused its discretion when it entered the injunction, but we see no error and affirm.

Viewed in the light most favorable to the findings of the trial court, the record shows that the County is constructing a roadway upon its parcel, a construction project that commenced in 2009. The County claims a public drainage easement across the rear of the McManus property, and it built a temporary sediment pond on the County property to drain water and sediment from the construction project and to divert that water and sediment into the drainage easement. But soon after the pond was built, heavy rains caused the water and sediment runoff to exceed the bounds of the easement, depositing

sediment throughout the McManus property and causing significant damage. In 2010, the McManuses sued the County, and they sought an interlocutory injunction to keep their property from further damage during the pendency of the suit. The next year, the County built a permanent detention pond on its property, which would, the County claimed, ensure that the runoff into the easement would not exceed the runoff that predated the construction project. Although disputed by the County, there is some evidence that shows that, even after the construction of the permanent detention pond, the runoff was not contained entirely within the easement, that the runoff overran the bounds of the easement "every time it rains," and that portions of the McManus property "nowhere near" the easement — such as the front yard of the McManus home — continued to flood occasionally as a result of the road construction project. Upon this record, the trial court found that the County had exceeded the bounds of the easement and continued to divert water and sediment by artificial means onto other portions of the McManus property. As with the other pertinent findings of the trial court, this finding has some support in the evidentiary record, and we cannot say it is clearly erroneous. See OCGA § 9-11-52 (a) ("In ruling on interlocutory injunctions . . . [f]indings shall not be set aside unless

2

clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."). See also Menzies v. Hall, 281 Ga. 223, 225 (2) (637 SE2d 415) (2006). From these findings, the trial court entered its interlocutory injunction, ordering the County to cease "causing increased water flow, sedimentation, and runoff onto the [McManus property]" by artificial means and directing the County to undertake 26 interim remedial measures to halt the excessive runoff pending further proceedings.

The County appears to primarily object to the injunction on the ground that it effectively prohibits the County from letting water and sediment run off even through the public drainage easement that runs across the rear of the McManus property.[1] But we do not understand the injunction to do so. The

_____

[1] Similarly, the County claims that the trial court abused its discretion because — according to the County — the permanent detention pond that it constructed had been functioning properly and because implementation of the action items required by the order would be prohibitively expensive and would essentially provide the McManuses with final and not merely temporary relief. But, as noted previously, whether the permanent detention pond had satisfactorily contained the runoff within the confines of the County's easement was disputed at the hearing, and evidence presented by the McManuses supports the trial court's conclusion that the permanent detention pond did not, in fact, fix the problem. Although it is true that, when granting an injunction, a court should not impose "any greater restriction (burden) than is necessary to protect plaintiff from the injury of which he complains[,]" Menzies, 281 Ga. at 225 (2) (citation and punctuation omitted), the County presented no evidence at the hearing about the cost of implementing any solutions to the problem, about any viable alternatives to the solution set forth in the order, or about whether, as it now claims, compliance with the order would make meaningless the results of any trial

injunction explicitly acknowledges the existence of the easement and orders the County merely to stop "increased" runoff, a term that most reasonably is understood in context to refer to the increase in water and sediment runoff that repeatedly has exceeded the bounds of the easement. And nowhere in the order did the trial court say that the County was prohibited altogether from using the easement or that it must stop all runoff onto the McManus property. Nor does the record contain any evidence that completion of the 26 interim remedial measures would absolutely prevent the County from using the easement. In fact, these remedial measures seem to have been intended to prevent the County from artificially diverting water onto the McManus property beyond the bounds of the easement, inasmuch as several of the provisions for such measures specifically concern portions of the McManus property that the court had found to be outside the bounds of the easement, and several provisions reference the existence of the easement itself, including one that requires the County to modify the drainage ponds to "meet the confines of the twenty-foot wide

because of the cost and permanence of the trial court's "temporary" solution. As a result, there are no findings by the trial court on these issues for us to review. Compare Columbia County v. Doolittle, 270 Ga. 490, 493 (3) (512 SE2d 236) (1999) (finding that injunctive relief was overbroad where evidence presented at trial showed that compliance with proposed relief was impossible).

drainage easement in a defined area inside the [McManus property]." To the extent that the County wishes to present evidence that satisfying the provisions for interim remedial measures effectively would require the County to abandon the use of the easement, the County still could do so. After all, the injunction provides that it is effective only "until the conclusion of trial of this case or until further order of the Court," and even if it did not so provide, the County nevertheless would be entitled to petition the trial court to clarify or modify the injunction, as with any other interlocutory injunction. See Opatut v. Guest Pond Club, 254 Ga. 258, 259 (5) (327 SE2d 487) (1985).[2]

Similarly, while the County claims that the injunction limits its use of the public drainage easement "to a certain volume of water," nowhere in the order is any "certain volume" limit imposed. Although the order restrains the County from "causing increased water flow, sedimentation, and runoff onto the [McManus property] by way of waterflow caused by artificial means," this restriction does not impose a specific volume restriction, and the trial court

---

[2] Indeed, the record shows that the County filed a motion to clarify the order, as well as to suspend the order pending this appeal. And while the County claims that the trial court denied its motion to clarify the order, the record shows only that the trial court granted the County's motion to suspend.

specifically declined to "distinguish between the flow of water and the quantity, or rate, of water" permitted by the easement. Instead, the trial court found that the County had a right to use a 20-foot easement across the rear of the McManus property, but that the County had exceeded the scope of the easement by increasing the runoff by artificial means to the point that it flowed beyond the bounds of the easement and across other portions of the McManus property. The County did not present any evidence that it could increase the volume of water that flowed across the easement through a pipe or some other improvement that would keep the increased flow contained within the easement, and as noted previously, the record supports the findings of the trial court that the increased runoff from the County property repeatedly exceeded the scope of the easement. "[I]t was within the discretion of the trial court to determine whether and how to require" the County to keep the runoff within the bounds of the easement pending further proceedings, and "the trial court did not clearly err when it determined that an adequate cure for the run-off problem required . . . implementation of [the interim remedial measures contained in the order]." Menzies, 281 Ga. at 225-226 (1)-(2).

6

Having reviewed the record and the arguments of the parties, we see no abuse of the substantial discretion of the trial court to award interlocutory injunctive relief to keep the McManuses from further harm pending the resolution of this lawsuit. Accordingly, we affirm the judgment below.

Judgment affirmed. All the Justices concur.


Decided March 3, 2014.

Equity. Gwinnett Superior Court. Before Judge Hamil.

Michael V. Stephens II, Michael P. Ludwiczak, for appellant.

Anderson, Tate & Carr, Robert M. Reeves, Marian C. Adeimy, for appellees.