296 Ga. 572
FINAL COPY

S14A1892. HAMILTON STATE BANK v. NELSON et al.

BLACKWELL, Justice.

Jimmy R. Nelson and Dolph Nelson, Jr. (the "Nelsons") are members of Nelson and Nelson Building Acct., LLC (the "LLC") and shareholders of Nelson's Appliances and Home Furnishings, Inc. (the "Corporation"). The Nelsons executed promissory notes in favor of Hamilton State Bank (the "Bank"), and to secure the repayment of those notes, the Bank obtained a security interest in real property owned by the LLC and the Corporation, upon which the Nelsons operated an appliance and furniture store. The Bank also obtained a security interest in the store's accounts receivable, inventory, furniture, and fixtures. In two separate actions, the Bank obtained judgments against the Nelsons on the notes in the approximate amount of $2.9 million each, and those judgments apparently are the subject of two appeals that are currently pending in the Court of Appeals. Based on the terms of the security deeds and security agreements, the involvement of third-party creditors, and a belief that the store was being moved and its ownership and corporate structure

being changed, the Bank filed a verified complaint against the Nelsons, the LLC, and the Corporation for the appointment of a receiver and an accompanying emergency motion for such appointment. Despite the Bank's protests, the trial court denied the receivership sought by the emergency motion and instead directed the Nelsons "to turn over to [the Bank] the keys to and possession of the real property . . . ." The Bank appeals from that order, and we affirm.

Most important, the Bank does not challenge the denial of a receivership. Rather, the Bank argues only that it does not want immediate possession of the store and that the trial court was without authority to order the Bank to accept possession. Nowhere in the order, however, does the trial court require the Bank to accept possession. See Gwinnett County v. McManus, 294 Ga. 702, 704 (755 SE2d 720) (2014). The trial court only directed the Nelsons to tender possession of the property to the Bank. Under Georgia law, the mere tender of possession to another does not work a transfer of possession unless and until possession is accepted by the transferee. See Smiway, Inc. v. Dept. of Transp., 178 Ga. App. 414, 418 (6) (343 SE2d 497) (1986) (quoting Lamb v. Gorman, 16 Ga. App. 663, 663 (3) (85 SE 981) (1915) in the context of a landlord-tenant

2

relationship). Cf. Ledsinger v. Burke, 113 Ga. 74, 77 (1) (38 SE 313) (1901). To the extent the trial court erred in ordering the Nelsons to tender possession, the trial court never required the Bank to take possession, and so, any such error could not have harmed the Bank. Consequently, the Bank cannot be heard to complain about the order, which was directed only to the Nelsons. See Martin v. Hendon, 224 Ga. 221, 222-223 (3) (160 SE2d 893) (1968); Rush v. Southern Property Mgmt., 121 Ga. App. 360, 361 (2) (a) (173 SE2d 744) (1970).

Judgment affirmed. All the Justices concur.

Decided February 16, 2015.

Equity. Bartow Superior Court. Before Judge David K. Smith.

Balch & Bingham, Jamie L. Cohen, Matthew B. Ames, Walter E. Jones, for appellant.

Howick, Westfall, McBryan & Kaplan, Louis G. McBryan, Virginia B. Bogue, for appellees.

3